**LAHOMA OIL CO. et al. v. STATE INDUS-TRIAL COMMISSION OF OK-LAHOMA et al.**

No. 9660—Opinion Filed Sept. 3, 1918.

Petition for Rehearing Withdrawn Nov. 14, 1918.

(175 Pac. 836.)

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Act—Award—Effect of Death.**

Where one entitled to compensation under the Workmen's Compensation Act (chapter 246, Laws 1915) secured a determination and award for permanent disability, and died, before the lapse of the maximum number of payments had been made according to the terms of the award, the right to compensation under the award ceased with his death.

2. **Workmen's Compensation Act — Application.**

By the provisions of section 1, art. 6, of the Compensation Act, no provision of the act applies in case of accident resulting in death, and no right of action for recovery, of damages for such injury is denied or affected.

3. **Constitutional Law—Master and Servant—Construction of Statute — Constitutionality.**

Sections of the statute must be construed to be in harmony with the Constitution, and so as to give effect to the various sections, if such construction is possible without doing violence to the spirit and language of the act.

KANE, J., dissenting.

Appeal from State Industrial Commission.

Proceeding by Timothy A. Downing for compensation under the Workmen's Compensation Act, opposed by the Lahoma Oil Company, the Maryland Casualty Company, and others. From an award made by the State Industrial Commission, the Lahoma Oil Company and the Maryland Casualty Company appeal. On the death of said Downing, the action was revived in the name of Malinda Downing, administratrix. On motion to dismiss action. Motion sustained.

Ross & Thurman, for appellants.

Burdette Blue, H. H. Montgomery, and Fulton, Shirk & Danner, for respondents.

OWEN, J. Petitioners appeal from an award made by the Industrial Commission on November 26, 1917, to Timothy A. Downing for $5,000, to be paid at the rate of $10 per week for a period of 500 weeks. After the appeal was perfected to this court, Downing died as the result of the injuries for which the award was made, and the action was revived in the name of Malinda Downing, administratrix of his estate. The case is before us on motion to dismiss the action on account of the death of Downing.

In support of the motion to dismiss it is contended, first, that an award made by the commission under the Workmen's Compensation Law (Laws 1915, c. 246) does not confer upon the injured workman a property right or an interest which upon his death becomes a part of his estate; and, second, that the Compensation Act does not apply to accidents resulting in death.

Two rights of action exist under the law of this state for wrongful injuries resulting in the death of a person. One is the right of action which survives to the estate, or the personal representatives, to recover damages sustained by the estate, and for pain and suffering, medical expenses, etc. The other is the right of action given for the benefit of the widow and children or next of kin for the pecuniary loss sustained by them on account of the death. It was held by this court in the case of St. L. & S. F. R. R. Co. v. Goode, Adm., 42 Okla. 784, 142 Pac. 1185, L. R. A. 1915E, 1141, that a recovery on one such cause of action does not bar recovery on the other.

The language of section 1, art. 6, of the Compensation Act, is:

"It is not intended that any of the provisions of this act shall apply in cases of accidents resulting in death, and no right of action for recovery of damages for injuries resulting in death is intended to be denied or affected."

Counsel for respondents contend that this section applies only to the right of action accruing to the next of kin for pecuniary loss sustained on account of the wrongful death of the employe, arguing that the Compensation Act supplants the right of action for pain, suffering, medical expenses, etc., and that an award made to the employe vests at his death in his representatives. We do not agree with this contention.

The compensation to be paid to the employe does not depend upon whether the injury was wrongfully caused by the negligence of the employer. It is paid when an accidental injury is sustained arising out of and in the course of the employment, without regard to the fault as a cause of such injury, except where the injury is sustained by the willful intention of the injured employe, or where the injury results directly from the willful failure of the in-

jured employe to use a guard of protection furnished for his use. The act recognizes that a personal injury suffered by an employe arising out of and in the course of employment is an incident of the business in which he is employed. In consequence of that, the act provides that, as a matter of justice, the resulting burden should be borne by the business without regard to the question of fault on the part of the employer or employe.

The act makes no reference to the payment of the unpaid installments of the awarded, in the event of death of the employe, to defendants or next of kin. It, in effect, provides that the employe, if accidentally injured, shall receive in lieu of his wages the amount fixed by the terms of the act. The average weekly wage of the employe is taken as a basis upon which to compute the compensation. Had there been no injury, the payment of wages would cease on the termination of the relation of master and servant. When the relation is terminated by death of the employe, the occasion for making compensation in lieu of wages comes to an end.

The act provides that the compensation shall be paid only to the employe, and that the claim for such compensation shall not be assigned and shall be exempt from claims of creditors. The cause of action for pain, suffering, medical expenses, etc., arising from a wrongful injury. survives under the statute (section 5281, Rev. Laws 1910) to the personal representatives when the injury results in the death of the employe, and becomes part of his estate and is subject to the claims of creditors. Section 7, art. 23, of the Constitution provides:

"The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation."

By the terms of the Compensation Act the amount of compensation for each injury is limited and based upon the amount of the weekly wage. The provision excepting injuries resulting in death was no doubt incorporated so as to make the act in harmony with this provision of the Constitution under which the amount recoverable cannot be limited if death results from the injury.

So long as the employe was alive, the Industrial Commission would have jurisdiction to hear and determine his claim for compensation, and this jurisdiction would be exclusive of the courts of the state under section 2, art. 6, of the act. When his injuries resulted in death, the Compensation Act, under the terms of section 1 of article 6, above quoted, would no longer apply, and the Industrial Commission would have no further jurisdiction. The cause of action, if any, arising from the death resulting from such injuries, would survive to such representatives, under section 5281 of the statute as though the Compensation Act had never become a law. That section of the statute provides for the survival of the action if the employe might have maintained an action had he lived. The effect of the Compensation Act was to afford to the employe a special procedure under which to maintain his action where the injuries do not result in death. After the death his representatives may maintain their action, but not under the Compensation Act.

This construction avoids any conflict between the Compensation Act, section 5281 of the statute, and section 7, ar. 23, of the Constitution. The act must be construed to be in harmony with the provisions of the Constitution and the various sections of the statute law of the state, so as to give meaning and effect to all, if such construction is possible without doing violence to the spirit and language of the act. Roma Oil Co. v. Long, 68 Okla. 267, 173 Pac. 957; Matthews v. Rucker, 67 Okla. 218, 170 Pac. 492.

Our attention has not been called to any decision exactly in point on the question involved here. The compensation acts of the various states, to which our attention has been called, differ materially from the provisions of our act. The acts of some of the other states include accidents resulting in death, and provide for payment of compensation to the dependent in the event of the death of the employe, in this respect differing from the act in this state. The courts of New Jersey, Massachusettes, and New York hold that payments cease at the death of the payee. The Supreme Court of Ohio, in the case of State ex rel. Munding v. Industrial Commission, 92 Ohio St. 434, 111 N. E. 299, L. R. A. 1916D, 955, Ann. Cas.1917-D, 1162, held the award for a fixed sum payable weekly for six years to a dependent employe vested in the dependent when the award was made, and at the death of such dependent her personal representative was entitled to the balance remaining unpaid. The award under that act has the essentials of a judgment, and appears to be made to the dependent in lieu of damages sustained by reason of the death of the employe. By virtue of our constitutional provisions the amount of recovery for a like cause of ac-

tion in this state cannot be limited by statute and the award made by the Industrial Commission under our acts does not possess the essentials of a judgment. Under the continuing jurisdiction of the Commission to modify or change the award it cannot be said to have a fixed determination or a definite amount to be paid for a fixed number of weeks. Our statute (section 5123, Rev. Laws 1910) defines a judgment to be a final determination of the rights of the parties in an action. "An action" is defined in section 4644 of this statute to be an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Section 4645 of the statute provides that every other remedy is a special proceeding. Special proceedings are not within the scope of the usual statutory provisions providing for the survival of actions, and such proceedings, unless especially saved by a statute, abate on the death of the party. 1 C. J. p. 213.

Awards under our act lack another essential characteristic of a judgment. In the event of refusal to make payment under the award, the Industrial Commission cannot enforce the payment by execution or order. Section 16 of article 2 of the act provides that the award shall constitute a liquidated claim for damages which may be recovered in an action instituted by the Commission.

The Supreme Court of New Jersey, in Erie R. Co. v. Callaway, 102 Atl. 6, held that where one secured a determination and award for permanent disability, and died before the lapse of the maximum number of weeks for which the statute authorized compensation, the right to compensation ceased with his death. In that case it is pointed out that the act provides for compensation, during the period of disability, not, however beyond 400 weeks, and under this provision it was held the Legislature clearly contemplated that disability might not last 400 weeks. The employe there died from natural causes, and attention was called to the fact that the act contained no provision for a case where the employe died from a cause other than the accident during the period of payment for permanent injury. The conclusion was reached that the continuation of the payments after the death of the employe was not intended and was not within the purpose of the act.

Our statute provides that in case of total disability, adjudged to be permanent, 50 per centum of the average weekly wage shall be paid to the employe "during the continuance of such disability, not exceeding 500 weeks," and, like the New Jersey act makes no provision for payment of the award in the event of the death of the employe.

The Massachusetts act provides for payment to the dependent of an employe killed in the service. In the case of In re Murphy, 224 Mass. 592, 113 N. E. 283, the Supreme Court of that state held these payments came to an end at the death of the dependent to whom the award was to be paid. The award was held not to be a vested right in the dependent passing to his personal representative or next of kin. The act was held to apply only to the persons mentioned in the act.

In the case of Wozneak v. Buffalo Gas Co., 175 App. Div. 268, 161 N. Y. Supp. 675, the New York court held that the award made to the employe did not give such employe a vested interest in the payments not due, and that the right to such payments did not survive the employe's death and become a part of his estate. The purpose of that act was held to be for the protection of the employe and the persons mentioned by the terms of the act.

By the plain and unequivocal language of section 1, art. 6, of our act, no cause of action arising from injuries resulting in death is affected by any provision of the act. Making the award prior to the death of the injured employe is not sufficient to make the various provisions of the act applicable to such injuries after death ensues. The jurisdiction of the Industrial Commission depends upon the terms of the act, and, having lost jurisdiction by the death of the employe, it follows that this court loses jurisdiction of the appeal.

Therefore the motion to dismiss the action must be sustained.

All the Justices concur, except KANE, J., who dissents, and TURNER J., not participating.