## HAZELTON COAL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 20337.  Opinion Filed Jan. 28, 1930.

W. H. Moore, for petitioner.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

HALL, C.  This is an action by petitioner, Hazelton Coal Company, to review the action of the State Industrial Commission in making an award against the petitioner in favor of an injured employee, the respondent herein, C. Davis, who, while engaged in digging coal in a coal mine, according to the findings of the Commission, received certain injuries as follows:

1.  (a) Fracture of the skull; (b) back injury; (c) total loss of vision in left eye; and (d) disfigurement of face.

2.  That because of the injury to the skull and back, claimant and respondent herein was totally disabled for a period of 60 weeks and two days from the date of the accident.

In other words, the Commission found that the claimant sustained a total temporary disability for a period of 60 weeks and two days, and awarded him compensation for that period at the rate of $18 per week, or $1,086. For the loss of the eye, he was awarded $18 per week for 100 weeks, or $1,800.  And for the permanent disfigurement of his face, he was awarded the sum of $300.

The findings of fact are not disputed or challenged in this court.  The proceedings for review present purely a question of law. The petitioner makes no objection to the award of $1,800 for the permanent loss of vision in one eye, nor does it make objection to the award of $300 for the permanent disfigurement of claimant's face.  Its objection is directed at the action of the State Industrial Commission in awarding (in addition to the award for the loss of the eye) the sum of $1,086 for a temporary disability during the period of 60 weeks and two days, which disability was caused by injuries to claimant's back and skull.  In other words, petitioner contends that the Workmen's Compensation Act is merely to provide compensation for the time lost because of disability to work; and that compensation is the same "whether the inability to labor is caused by one injury or many."  In other words, it is the contention of the petitioner that the award is excessive in the sum of $1,086, which was the allowance made because of the temporary total disability of claimant, resulting from separate and distinct injuries than from the loss of an eye; and that under the Workmen's Compensation Act, compensation could not be allowed for this period of actual disability (found to be 60 weeks and 2 days) and in addition thereto compensation for 100 weeks as provided in the statutes for the loss of an eye.

The contentions of petitioner cannot be

sustained. The controlling provisions of the statutes set forth under section 7290, Comp. Stat. 1921, provide for compensation for (1) temporary total disability, with certain limitations as to time, and (2) for permanent partial disability. It provides compensation for a period of 100 weeks for the loss of an eye.

There is nothing in the statutes to indicate that compensation for these disabilities may not be cumulative, especially where the claimant receives more than one injury for which compensation is provided.

In the case at bar, the claimant in one and the same accident sustained (1) a temporary total disability because of certain injuries to his back and his head, which disabled him from working for a period of 60 weeks and two days, and (2) a permanent partial disability because of the loss of one eye, for which compensation is expressly provided, for a period of 100 weeks.

The statutes clearly provide compensation for the permanent loss of, or a permanent injury to a given member of the body, regardless of the relation of the loss of that member of the body to the period of inability to work. For instance, the statutes provide compensation for a period of 10 weeks to a claimant or employee who has lost an ordinary toe. Regardless of the fact that the person might go to work three weeks after the loss of this member of the body, and earn as much as he could before such injury, yet the statutes provide such compensation upon the assumption that this member of the body, like others enumerated in the schedule of the statutes, performs some useful function toward enabling a man to earn a livelihood and in winning in the scramble for existence. The claimant in the present case, because of the loss of an eye, at least, will be placed at a disadvantage in the field of labor as a competitor of his fellow man. The award for this specific and permanent injury was intended to compensate the employee for this permanent partial disability, and not for some other additional permanent partial disability or temporary total disability, whether caused by the same accident or otherwise. We think that the language of the statutes will permit of no other construction than that the Legislature intended in such a case as the loss of an eye that a specific sum should be awarded as compensation, regardless of the amount the claimant might have been entitled to, and which he received for any temporary total disability disabling him from work. In other words, as we have already stated, the com-

pensation for the loss of vision in one eye was not just for disability to work for a certain period of time, to wit, 100 weeks, but for the loss of an important member of the body, which is calculated to and will impair his usefulness at all times during his future years.

The contentions of the petitioner have been fully disposed of by this court by the holding and the principle announced in the recent case of Thompson v. Industrial Commission et al., 138 Okla. 166, 280 Pac. 597, in which case the court, through Justice Clark, held in the third paragraph of the syllabus as follows:

"Where the State Industrial Commission makes an award for permanent partial disability without considering or passing upon the question of temporary total disability, and the record discloses that petitioner was temporarily totally disabled for a period of time, said award will be reversed on review by this court."

To the same effect is the case of Smith & McDannald v. State Industrial Commission et al., 133 Okla. 77, 271 Pac. 142, an opinion also by Justice Clark, in which case, in the fourth paragraph of the syllabus, it was held that:

"Under section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws of 1923, the State Industrial Commission may make an award for temporary total disability, as a specific injury, notwithstanding that the same may subsequently become a permanent partial disability for which compensation may be awarded."

The order of the State Industrial Commission is hereby affirmed.

BENNETT, JEFFREY, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under /(1) anno. L. R. A. 1916a, pp. 32, 129; 28 R. C. L. p. 821; 3 R. C. L. Supp. p. 1599. See Workmen's Compensation Acts—C. J. §82, p. 94, n. 89.