## ROUNDS, Ex'x, v. STATE INDUSTRIAL COM. et al.

No. 23366. Opinion Filed May 10, 1932.

M. C. Spradling, for petitioner.

West, Gibson, Sherman, Davidson & Hull, for respondents.

CULLISON, J. This is an original proceeding before this court to review an order of the State Industrial Commission made and entered February 5, 1932. Said order, omitting caption, is in words and figures as follows, to wit:

"Order.

"Now, on this 5th day of February, 1932, the State Industrial Commission being regularly in session, this cause comes on in its regular order for consideration pursuant to hearing had at Tulsa, Okla., on the 12th day of January, 1932, before Commissioner Fred H. Fannin on motion for revivor of action; at which hearing, Mayme Rounds, exec-

utrix, appeared in person and by her attorney, M. C. Spradling, the respondent and insurance carrier being represented by Preston C. West of the firm of West, Gibson, Sherman, Davidson & Hull, and the Commission, after reviewing the testimony taken in this cause, after examining all the records on file, and being otherwise well and sufficiently advised in the premises, finds:

" (1). That, on May 10, 1929, claimant, Fred Chevalier, was in the employment of the respondent the Pure Oil Company, and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that in the course of and arising out of his employment, said claimant sustained an accidental personal injury on May 10, 1929; that on August 23, 1929, claimant signed a Form 7 in the amount of $66; that on May 22, 1931, claimant filed an application to reopen cause and award further compensation on the ground of change of condition; that before said application was heard, and on September 25, 1931, said claimant died; that thereafter, on the 10th day of October, 1931, Mayme Rounds was duly appointed by the county court of Tulsa county, Okla., executrix of his last will and testament; that as such executrix, she filed in this cause, on the 20th day of October, 1931, a motion to revive said cause in her name as executrix of the last will and testament of Fred Chevalier, deceased: that the Commission is without jurisdiction to entertain motion for revivor.

"The Commission is of the opinion: That motion to revive said cause in the name of Mayme Rounds, executrix, should be overruled for want of jurisdiction.

"It is therefore ordered: That motion to revive said cause in the name of Mayme Rounds, executrix, be and the same is hereby overruled for the want of jurisdiction.

"Upon the adoption of the foregoing order the roll was called and the following voted aye: Chairman Doyle—Commissioner Fannin.

"FHF:JC"

Petitioner commences this action in this court to review the foregoing order of the Commission. It will be observed that there is practically no contention as to the facts in this case. The order heretofore set forth concisely states the case before this court for judicial determination.

The case at bar presents for the first time in this court the question: Where it appears claimant has made a settlement for an injury received during his employment, which has been accepted and approved by the Industrial Commission, and subsequently files an application before the Commission to reopen the case, but dies before there is any hearing on said application, whether or not after his death the proceeding may be revived before the Commission in the name of his personal representative (viz., his executrix).

Inasmuch as the jurisdiction of the Commission depends upon the terms of the Workmen's Compensation Act, the question becomes one of statutory construction and effect. Since the right to compensation did not exist at common law, this court must look to the terms of the act to determine whether the right to compensation after the death of the employee exists in law. Our attention has not been called to any decision involving the point at issue herein. This court, however, has had occasion to pass upon two cases which must be considered in disposing of the case at bar.

The case of Lahoma Oil Co. v. State Industrial Commission (1918) 71 Okla. 160, 175 P. 836, held that where one entitled to compensation under the Oklahoma Workmen's Compensation Act secured a determination and award for permanent disability, and died before the lapse of the maximum number of payments had been made according to the terms of the award, the right to compensation under the award ceased with his death.

The case of Western Indemnity Co. v. State Industrial Commission (1923) 96 Okla. 100, 219 P. 147 (on rehearing), comments on the Lahoma Oil Company Case (page 104, Okla. Report; page 150, P.):

"The court, no doubt, announced the right principle of law, as the law existed at that time, but the Workmen's Compensation Law has been amended since the rendering of that decision. The Legislature having amended section 2, article 6, chapter 246, Session Laws 1915, and section 10, article 5, chapter 246, Session Laws 1915, being sections 7337 and 7339, respectively, of Compiled Laws 1921."

The Western Indemnity Company Case overrules the Lahoma Oil Company Case in one particular, and sustains the right of the administratrix to recover compensation accrued at the date of the death of the beneficiary. However, the court does not depart from its earlier holding in the Lahoma Oil Company Case as to unaccrued compensation, that the right thereto does not pass to the personal representative of the beneficiary. (The court remarked it was not passing on that question in the Western Indemnity Company Case and the same was not discussed.) The latter position was taken in the earlier case, which care (Lahoma Oil Company Case) went further and applied the same rule as to accrued dividends, which said holding was expressly over-

ruled by the Western Indemnity Company Case in so far as accrued dividends are concerned.

The numerous cases cited by petitioner cannot be considered as controlling, because upon close examination it is apparent that the acts under which these decisions were made differ materially from ours.

The character of the right intended by the Legislature to accrue to an injured workman depends upon the provisions of the particular act giving the right. Section 7306, C. O. S. 1921, provides:

"Claims for compensation or benefits due under this act shall not be assigned, released or commuted except as provided by this act, shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees."

We observe the last line of section 7306 reads: "Compensation and benefits shall be paid only to employees." We think the Legislature intended the right to compensation to be a personal right to the employee as much under the statute as it was under his contract of employment (the former grew out of the latter), and therefore upon his death not surviving to his estate or his heirs.

Section 7306, supra, precludes the injured employee from assigning his claim for compensation. The question of whether the right to compensation survived to the personal representative was held in Ray v. Industrial Insurance Commission (Wash. 1917) 168 P. 1121, to be dependent on whether the claim was assignable. In that case the court held, in keeping with the universal rule, that the test of survivorship of a cause of action is its assignability, and, conversely, that the test of assignability is survivorship; in other words, that assignability and survivability were convertible terms; and that since the assignment of the claim was expressly prohibited under the facts of the case, the conclusion seemed irresistible that the cause of action did not survive to the personal representative of the deceased, but was a right limited to the injured workman, or his dependents, as defined by statute.

It is true, as a rule, that causes of action which are not assignable do not survive. The reason that certain causes of action which are not assignable do not survive is because of qualities that inhere in the nature of the right. The case at bar is one in which the representative of claimant seeks to collect money that is unearned and not due, to wit, an undetermined change in condition, at the time of claimant's death.

We have carefully reviewed the cases relating to the "survival of right of compensation under Workmen's Compensation Acts upon the death of the person entitled to the award," and conclude that it may be said in general that under the statutes of a majority of the states in which the courts have considered the question, the right to compensation not yet accrued, to which a dependent or beneficiary would become entitled, is terminated by his death, and does not pass to his personal representatives or heirs.

Reasons given in the cases are that it is the purpose of Workmen's Compensation Acts to make industry take care of its casualties. To that end compensation is provided for injured workmen in lieu of wages. Wages cease with death, and likewise compensation received in lieu of wages must cease with death. If the employee die from natural causes, his representatives have no claim against the employer. If the death results from injuries received in the industry, there are special provisions to take care of the employee's dependents (see sections 7337, 7338, and 7339, C. O. S. 1921). It would put an additional burden on the employer, not contemplated by the statutes, to require him to pay either wages or compensation to representatives of an employee who died after filing his claim and before said action was judicially determined. If an employee has a vested right in compensation, he could will it away, and the employer would be paying this substitute for wages to persons with whom he had no connection.

After careful consideration of the case at bar, we conclude, and hold that, under the facts at issue, the State Industrial Commission did not err in overruling petitioner's motion to revive said cause on the ground of lack of jurisdiction.

The order of the State Industrial Commission is affirmed.

RILEY, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., concurs in the conclusion. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (1) R. C. L. Perm Supp. p. 6274.