## SWATEK CONSTRUCTION CO. et al. v. WILLIAMS et al.

No. 26123. Nov. 19, 1935.

Rehearing Denied May 26, 1936.

Application for Leave to File Second Petition for Rehearing Denied June 23, 1936.

Thos. H. Owen and Paul N. Lindsey, for petitioners.

McPherren & Maurer, Tench Tilghman, Tom Finney, and the Attorney General, for respondents.

PER CURIAM. This is an original action brought by petitioners to review an order and award made by the State Industrial Commission on December 22, 1934.

It appears that one C. H. Williams, while in the employ of the petitioner Swatek Construction Company. on May 1, 1930, sustained a personal accidental injury resulting in the loss of both eyes. Claim for compensation before the Industrial Commission was made and an order entered by said Commission on October 3, 1930, awarding the said C. H. Williams compensation for permanent total disability. Appeal was had to this court and said order and award was affirmed. See M. A. Swatek Construction Co. v. Williams et al., 150 Okla. 85, 299 P. 448.

On July 23, 1931, pursuant to the mandate of this court in the above case, the Commission entered its order requiring the petitioner herein, or its insurance carrier, to pay to claimant (C. H. Williams) the sum of $694.92 as compensation from May 7, 1930, to July 20, 1931, with interest on deferred payments from October 3, 1930, in the amount of $19.43, less any sums theretofore paid as compensation, and to continue payments to said claimant at the rate of $10.77 per week until a total of 500 weeks should have been paid. It is conceded that payments under this award were made until November 13, 1933, at which time the said C. H. Williams died from a cause other than the injury which he

had received as a result of the accident, and that at the time of his death there remained unmatured installments for 191 weeks 4 days unpaid under said award.

Mrs. C. H. Williams, as the widow of the deceased claimant, conceiving herself entitled to the unmatured and unpaid balance of said award, filed with the Commission a petition requesting that said award be revived in her name, and that an order be made requiring the payment of the unpaid balance of said award to her. On December 22, 1934, the Commission found that since the award had been made to C. H. Williams on account of loss of both of his eyes, which loss was for specific injury, therefore the right to compensation payments did not abate upon his death, but survived to his widow, Mrs. C. H. Williams, and ordered payment of the unmatured installments to be made to her forthwith.

Prior to the enactment of chapter 29, Session Laws of 1933, there was no provision in the Workmen's Compensation Law of this state whereby unmatured installments of any award made thereunder survived the death of the beneficiary. In Lahoma Oil Co. v. Industrial Commission, 71 Okla. 160, 175 P. 836, we said:

"Where one entitled to compensation under the Workmen's Compensation Act (chapter 246, Laws 1915) secured a determination and award for permanent disability, and died before the lapse of the maximum number of payments had been made according to the terms of the award, the right to compensation under the award ceased with his death."

And in Rounds, Ex'x, v. State Industrial Commission, 157 Okla. 145, 11 P. (2d) 479, we again announced the rule:

"The right to compensation not yet accrued to which the beneficiary would become entitled, is terminated by his death and does not pass to his personal representative or heirs."

We again followed this in Parkhill Trust Co. v. Emery, 166 Okla. 280, 27 P. (2d) 333.

The respondent, however, contends that there is a distinction between an award for a specific injury and an award made under other provisions of the act. We do not agree with this contention. In Hazleton Coal Co. v. State Industrial Commission, 141 Okla. 142, 284 P. 302, we said:

"For instance, the statute provides compensation for a period of 10 weeks to a claimant or employee who has lost an ordinary toe. Regardless of the fact that the person might go to work three weeks after the loss of this member of the body and earn as much as he could before such injury, yet the statute provides such compensation upon the assumption that this member of the body, like others enumerated in the schedule of the statute, performs some useful function toward enabling a man to earn a livelihood and in winning in the scramble for existence."

Under our Workmen's Compensation Law, awards are not made as a substitute for damages, but awards are made in the case of specific injury for the loss of certain members of the body on the theory that such loss handicaps the individual in his struggle for existence. While such award is in no wise dependent on the question of whether there is a resulting loss of earning capacity on the part of the employee, and while said award is cumulative, yet nevertheless it is personal to the employee and partakes of the same nature of any other award that may be made under the act. That such award is cumulative, see Superior Smokeless Coal Mining Co. v. Bishop, 85 Okla. 204, 205 P. 497; Winona Oil Co. v. Smithson, 87 Okla. 226, 209 P. 398, and Hazelton Coal Co. v. State Industrial Commission, supra.

We are aware of the fact that in some other jurisdictions specific injuries and awards therefor have been treated as exceptions to the general rule and declared to be vested rights and capable of inheritance notwithstanding their nonassignability. Usually, however, where this rule prevails it is based on the theory that the award for a specific injury is in the nature of liquidated damages or else that it acquires some of the characteristics of a judgment. After a careful review of the decisions of other jurisdictions on this question, we find that it is not feasible to state a general rule as prevailing thereon on account of the fact that usually a statutory construction is involved in the decision. However, we find that the majority of the courts, in the absence of a statute providing otherwise, hold that an award under the Workmen's Compensation Law, whether for specific loss of a member or other cause, where by statute said awards are made nonassignable and personal to the beneficiary, abates at the death of such beneficiary as to any unmatured installments due thereunder. We think this is the better rule, and we see no good reason for departing from our previous holding in this respect.

Therefore, since the award did not survive to the respondent under the provisions of the Workmen's Compensation Law as for-

merly existed, it is necessary to inquire whether she obtained any right thereto under the amendment of said act by chapter 29, Session Laws of 1933.

In the supplemental brief of the respondent here it is urged that reliance by the respondent is had only on such portion of said chapter wherein provision is made that the award shall not abate, but shall be revived in favor of the person or persons entitled to the unpaid portion of said award. Since the injury occurred and the award was made prior to the enactment of said chapter 29, Session Laws 1933, we are of the opinion that the passage of said amendment was not intended to either add to or subtract from the right of either party thereto at that time, and that the purpose of said amendment was merely prospective and applicable to awards made in the future. In Good v. Keel, 29 Okla. 325, 116 P. 777, we said:

"Statutes are to be construed as having a prospective operation unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied, from the language used. In every case of doubt the doubt must be resolved against the retrospective effect."

See, also, United States v. Magnolia Pet. Co., 276 U. S. 163, 72 L. Ed. 509, 48 S. C. 237; White v. United States, 191 U. S. 545, 48 L. Ed. 295, 24 S. C. 171; Shwab v. Doyle, 258 U. S. 529, 66 L. Ed. 747, 42 S. C. 391, 26 A. L. R. 1454; Franklin v. Sovereign Camp, 145 Okla. 159, 291 P. 513.

To apply the amendment of 1933 to the case at bar as requested by the respondent would be to give her a substantive right which she did not possess prior thereto, and would be to change the obligation of the employer and impose upon it a liability which did not theretofore exist. This would be to give the amendment a retrospective construction. As said in Draper v. W. H. Draper & Sons, 195 N. Y. Supp. 162:

"The amendment of Workmen's Compensation Law by Laws 1920, c. 532, providing that a disability award shall be payable to claimant's widow and children. does not apply to awards made after the date on which the amendment becomes effective for an injury occurring before that date, and gives claimant's widow no right to payments falling due after his death from causes other than the injury."

In this connection see, also, Erie Ry. Co. v. Callaway, 91 N. J. 32, 102 Atl. 6; Rigg v. Lehigh Portland Cement Co., 76 Ind. App. 308 131 N. E. 231; Stanswsky v. Ind. Commission, 344 Ill. 436, 176 N. E. 898; Playhouse Theater v. Ind. Com , 346 Ill. 509, 179 N. E. 89. The rule announced in the above cases is in line with the holding of this court in United Iron Works v. Smethers, 159 Okla. 105, 14 P. (2d) 380, wherein we said:

"When the respondent received the accidental personal injury in the case at bar, the right for compensation became vested, contingent upon compliance with the provisions of the act, and the obligation to pay under the existing law at that time was fixed."

This is the situation prevailing here. The injury and the award had happened and been made long prior to the amendment, payments had been made thereunder, and the rights, liabilities, and privileges of respective parties had been fixed and established. The claim was nonassignable, and under the law then existing was noninheritable. Should the beneficiary live, he was entitled to the payments as provided in the award. He could not dispose of them by will or assignment, and upon his death the obligation of the employer ceased. It is true that the Legislature, by the enactment of chaper 29, Session Laws 1933, established a different policy, but that act was intended to operate in futuro and not in praesenti. Any other construction would in our opinion violate section 15, art. 2, of the Constitution of this state; therefore, the finding and order of the State Industrial Commission was without authority of law.

The award is vacated.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ.. concur.