**JIM YOUNG DRILLING CO. et al. v. MOYER et al.**

No. 27883.   Nov. 30, 1937.

Gibson & Savage, for petitioners.

Ross G. Hume, for respondents.

HURST, J. This is an original action to review an award of the State Industrial Commission, and the sole proposition urged by petitioners is that the commission had no authority to commute part of an award for permanent partial disability into one lump sum for payment of attorney fees.

It is conceded that the claimant sustained an accidental personal injury while engaged in a hazardous employment as defined by the Workmen's Compensation Law and that he was furnished medical attention and paid compensation for the resulting temporary disability, which ended on February 22, 1937. The claimant was further awarded compensation for permanent partial disability commencing February 22, 1937, at the rate of $8 per week, for a period not to exceed 300 weeks. The commission further ordered that the sum of $160, "the same being 20 weeks' compensation at the rate of $8 per week, is a reasonable attorney fee"; and that said sum be "commuted to a lump sum payment off the latter end of this award and payable to the claimant's attorneys without discount. * * *"

The petitioners do not complain of the correctness of the award or the sufficiency of the evidence, but contend that the action of the commission in commuting 20 weeks' compensation off the latter end of the award to a lump sum for payment of attorney fees is contrary to the provisions of the Workmen's Compensation Law, and violates sections 6 and 7 of article 2 of the Constitution of this state. It is further contended that if such action was in accordance with law and does not violate the constitutional provisions referred to, it then constitutes an abuse of discretion under the circumstances disclosed by the record.

It is not necessary to discuss the arguments presented by the petitioners attacking the action of the commission on constitutional grounds or as an abuse of discretion, for it is held in Cornhuskers Theatres, Inc., v. Foster and Industrial Com-

348

mission, 181 Okla. 341, 74 P. (2d) 109, that by reason of the provisions of section 2, chap. 29, Sess. Laws 1933, amending section 13365, O. S. 1931, the commission has no authority to commute to a lump sum, for the payment of attorney fees, any future portion of an award for permanent partial disability coming under the "other cases" provision of section 13356, O. S. 1931. The views therein expressed are decisive of this case.

The award commuting the attorney fees is vacated, and in all other respects the award is affirmed, with directions to make all payments periodically in accordance with the payment of wages of the employee.

RILEY, WELCH, PHELPS, CORN, GIBSON, and DAVISON, JJ., concur. OSBORN, C. J., and BAYLESS, V. C. J., absent.