TOOTHMAN et al. v. STATE INDUSTRIAL COMMISSION et al.

*100 P. 2d 238.*

No. 29067.   Feb. 6, 1940.

Rehearing Denied March 19, 1940.

Champion, Champion & Fischl, of Ardmore, for petitioners.

H. R. Palmer and Edgar Fenton, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, J. This is an original action in this court brought by Mrs. Bob Toothman, the widow, and David and Catherine Toothman, the minor children of Bob Toothman, deceased, as petitioners, to obtain a review of an order made by the State Industrial Commission on January 5, 1939, which denied their application to revive an award and which sustained the motion of the respondent Will H. Smith and his insurance carrier to suspend further payments of compensation. The parties will hereafter be referred to as petitioners and respondents.

The facts are not in dispute. On July 11, 1936, the State Industrial Commission made an award in favor of Bob Toothman for permanent partial disability under the "other cases" provision of the statute (subd. 3, § 13356, O. S. 1931, 85 Okla. Stat. Ann. § 22, subd. 3).

Thereunder the respondents were required to pay to the said Bob Toothman the sum of $14.81 per week for a period of not to exceed 300 weeks, subject to reconsideration by the commission. The installments which became due under the aforesaid award were duly paid by the respondents until October 16, 1938, at which time the said Bob Toothman departed this life from causes other than his injury. The petitioners thereupon filed with the State Industrial Commission their application to have said award revived in their names and to require payment by the respondents to them of the installments which the beneficiary under said award would have presumably received had he lived. The respondents filed an application to suspend any further payments of compensation on the ground that the award was one which was personal to the beneficiary and abated at his death. The respective applications were heard at the same time, and on January 5, 1939, the State Industrial Commission entered the award which we are now called upon to review, the pertinent portion of which reads as follows:

"1. That on July 11, 1936, an order and award was filed herein awarding the claimant compensation at the rate of $14.81 per week for a period of not to exceed 300 weeks, under the 'Other Cases' provision of the Workmen's Compensation Law.

"2. That on October 16, 1938, the claimant herein died as the result of a gunshot wound, which was in no way connected with the accidental personal injury involved herein.

"3. That said claimant left surviving him his widow, Mrs. Bob Toothman, and two minor children, to wit: David Toothman and Catherine Toothman.

"Upon consideration of the foregoing facts, the commission is of the opinion that the application to revive this cause in the name of the surviving widow and two minor children of the claimant should be denied for lack of jurisdiction, and that the motion of respondent and insurance carrier to suspend payment of compensation herein as of October 16, 1938, should be sustained."

The sole question presented herein is one of law, as to whether an award under the "other cases" provision of the statute (supra) is one which survives under the provisions of chapter 29, S. L. 1933, or is one which abates upon the death of the beneficiary.

Prior to the enactment of said chapter 29, S. L. 1933, all awards to injured workmen, whether for specific injury or other cause, were held to be personal to the beneficiary and abated at his death. Swatek Const. Co. v. Williams, 177 Okla. 305, 58 P. 2d 585; Washabaugh v. Bartlett-Collins Glass Co., 177 Okla. 159, 57 P. 2d 1162; Parkhill Truck Co. v. Emery, 166 Okla. 280, 27 P. 2d 333; Rounds, Ex'x, v. State Industrial Comm., 157 Okla. 145, 11 P. 2d 479; Lahoma Oil Co. v. State Industrial Comm., 71 Okla. 160, 175 P. 836.

Said chapter 29, S. L. 1933, amended sections 13372 and 13365, O. S. 1931, 85 Okla. Stat. Ann. §§ 48, 41, but the attempt therein to amend section 13356, O. S. 1931, 85 Okla. Stat. Ann. § 22, was void for constitutional reasons. Riverland Oil Co. v. Williams, 176 Okla. 448, 56 P. 2d 1167. As pointed out in Cornhuskers Theatres, Inc., v. Foster, 181 Okla. 341, 74 P. 2d 109, and Jim Young Drilling Co. v. Moyer, 181 Okla. 347, 74 P. 2d 113, awards under the "other cases" provision of the statute, supra, were excluded from the operation of said amendatory legislation, did not constitute an adjudication which could be commuted to a lump sum, and remained unaffected by such amendatory legislation. For the reasons stated in the above-cited decisions, such award is one personal to the beneficiary and remains subject to the rule which is applicable to claims of that nature and abates upon the death of the beneficiary. The reasons for the rule have been fully explained in the prior decisions cited, and we deem it unnecessary to repeat them here. The State Industrial Commission arrived at the correct conclusion and applied the proper rule in the premises, and the order made is in harmony with the prior decisions

of this court. No error of law is presented.

Order sustained.

BAYLESS, C. J., WELCH, V. C. J., and CORN, DAVISON, and DANNER, JJ., concur. RILEY and HURST, JJ., dissent. OSBORN, J., absent.

HURST, J. (dissenting). In this case we are required to interpret chapter 29, S. L. 1933. In so doing, it is our duty to ascertain, if possible, and give effect to, the legislative intent. Case v. Pinnick (1939) 186 Okla. 217, 97 P. 2d 58. We are not concerned with its wisdom.

I am convinced that the majority opinion is contrary to two settled rules of statutory construction: (1) That an exception should be strictly construed, and its operation extended no further than its language warrants, all doubts being resolved in favor of the general provision rather than the exception, and its operation should be restricted to the paragraph or section in which it is contained, unless a contrary intent clearly appears (59 C. J. 1092; Lewis' Sutherland Stat. Const. § 345; Hudson v. Hopkins [1919] 75 Okla. 260, 183 P. 507; Leader Printing Co. v. Nicholas [1897] 6 Okla. 302, 50 P. 1001; Hopkins v. United States [C. C. A. 1916] 235 Fed. 95); and (2) that the Workmen's Compensation Law is remedial and should be liberally construed in favor of the injured employee and his dependents, for whose benefit the law was enacted. 71 C. J. 351; Mobley v. Brown (1931) 151 Okla. 167, 2 P. 2d 1034; Hensley v. Oklahoma Union Ry. Co. (1921) 81 Okla. 224, 197 P. 488.

The act under consideration was passed at the next session of the Legislature after this court, in Rounds v. State Industrial Commission (1932) 157 Okla. 145, 11 P. 2d 479, held that under the Workmen's Compensation Law then in force compensation awards did not survive the death of the injured employee. It amends sections 13365, 13367, and 13372, O. S. 1931, and is too long to insert verbatim herein. Section 1 adds

to 13372 the following: "* * * Provided, however, that an award made to a claimant under the provisions of this chapter shall, in case of death of claimant, be payable to and for the benefit of the persons following: * * * (naming them)." The language is general and no exception of "other cases" awards is made. The section clearly refers to, and provides for the survival of, all awards.

Section 2 contains three paragraphs, and amends section 13365, which dealt solely with the method of payment of awards. The first two sentences of section 2 deal generally with procedure and apply to all hearings, while the remainder of the paragraph, commencing with the sentence in which the exception is contained, refers to method of payment of awards for specific injuries. The second paragraph of section 2 also provides for the method of payment of awards, including awards under the "other cases" provision. The third paragraph provides for making awards after the death of the injured employee, and its language, like that of section 1, is general, and clearly refers to all awards.

The exception in the first paragraph of section 2 is by the majority opinion in effect carried back into and construed to qualify section 1 of the act, in violation of the rules of statutory construction above stated. Construed in accordance with those rules, its operation would be restricted to the elimination of "other cases" awards from the second portion of the first paragraph of section 2, so that the manner of their payment may be dealt with in the second paragraph of that section. Thus construed, section 2 deals with its subject matter in an orderly and constructve way. The exception cannot apply to the first part of the first paragraph of section 2, nor can it apply to the second and third paragraphs therein, but it applies solely to the last part of the first paragraph. I find no language in the act from which an intent to so extend the office of the exception may be reasonably inferred. Certainly such intent is not clearly expressed as required by the rule relating to exceptions. Knowledge of the settled principles of statutory interpretation is imputed to the Legislature, and it must be presumed that the act was enacted with a view to its interpretation according to such principles. 25 R. C. L. 956.

I think the majority opinion defeats the intent of the Legislature. The authorities it relies upon do not support it. It is inconceivable that the Legislature intended to provide that an award for a broken arm would survive, but that an award for a broken back would not.

I therefore dissent.

Mr. Justice RILEY concurs in this dissent.