Ruth E. IRBY, formerly Martin, Plaintiff
in Error,

v.

Bobby Jean MARTIN, Defendant in Error.

No. 45122.

Supreme Court of Oklahoma.

April 4, 1972.

Bassett, Stocker & Laughlin, Bartlesville, for plaintiff in error.

Sanders, McElroy & Carpenter, Tulsa, and Harris & Harris, Bartlesville, for defendant in error.

BARNES, Justice.

The parties appear here in the same order they appeared in the trial court and will hereinafter be referred to by their trial court designations of "plaintiff" and "defendant", respectively. When, in 1954, that court granted plaintiff a divorce from defendant, she was awarded custody of the couple's only child, a one-year-old daughter, Lowery Jean. The divorce decree also awarded her the sum of $50.00 per month for Lowery Jean's support and maintenance "until said child attains the age of eighteen years or until further order of this court; . . ."

It is mutually recognized by the parties that the decree was entered under the authority of 12 O.S.1951, § 1277. This statute authorized the court, in granting a divorce, to make provision in the divorce decree for the education, as well as the custody and support, of the "minor children" of the couple being divorced. It also authorized the court to "modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action." This statute remained as originally adopted, except for an immaterial amendment in 1955 (compare 12 O.S.1961, § 1277), until the late nineteen sixties.

In 1968, the Second Regular Session of The Thirty-first Oklahoma Legislature enacted H.B. 1157 (S.L.1968, ch. 226, p. 349), amending said section, by adding to it the following:

"The court may make provision for the support and education of the unmarried children of the marriage until they have attained the age of twenty-one (21) years, so long as they are enrolled in and regularly attending a public or private school or any institution of higher learning."

In 1969, the First Regular Session of The Thirty-second Legislature further amended Section 1277 (Tit. 12 O.S.1968 Supp.) by its Senate Bill No. 317, superseding the above quoted paragraph with the following paragraph (S.L.1969, ch. 334, p. 472; 12 O.S.1971 and 1969 Supp., § 1277):

"The court may make provisions for the support and education of a female child so long as she remains unmarried and enrolled in and regularly attending a public or private school or institution of higher learning until she attains the age of twenty-one (21) years."

Lowery Jean became eighteen years of age on February 6, 1971. Still unmarried, she enrolled in East Central College in July, 1971. The same month, plaintiff, in reliance on Section 1277, supra (as it now reads), filed her motion in the divorce action to modify the above described decree to make provision for Lowery Jean's "support and education" as long as she remains unmarried and is a regular student at said College until she is twenty-one years old.

The trial court sustained defendant's motion to dismiss plaintiff's motion, after finding that it lost jurisdiction of the matter when Lowery Jean became eighteen years of age. We have determined that the trial court erred.

The basic questions inherent in the parties' arguments on appeal are:

A. Did the Legislature, by adding to "pre-1968" Section 1277, supra, its second paragraph which constitutes said Section's 1969 Amendment, intend to expand the continuing jurisdiction already vested in the courts to "make provisions for . . . support and education of the minor children . . ." of divorced parents, so that it now includes female children of adult ages between eighteen and twenty-one years, who are enrolled in and attending school?

B. If the answer to A is "yes", was such extension intended to, or could

it, apply retroactively to authorize a modification of the 1954 divorce decree involved in this case?

Defendant argues: (1) To construe the 1969 Amendment as enlarging the jurisdiction granted courts by Section 1277 (before the enactment of either H.B. 1157 or S.B. 317, supra) to make provision for the support and education of "minor" children, to include female children who are over eighteen and therefore adults rather than minors, would give said Amendment an unconstitutional construction, because it would enable the courts to require one adult (the parent) to support another adult; and (2) to give the 1969 Amendment such a construction in the present case would violate the rule recognized in Swatek Construction Co. v. Williams, 177 Okl. 305, 58 P.2d 585, as follows:

"Statutes are to be construed as having a prospective operation unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. In case of doubt, the doubt must be resolved against the retrospective effect. [Good v. Keel, 29 Okl. 325, 116 P. 777]."

■ We find no merit in defendant's arguments. We recognize that giving a retrospective construction to a statute resulting in the increase, decrease, or termination of a money judgment or an alimony award (which latter was involved in Wilbanks v. Wilbanks, Okl., 441 P.2d 967, cited by defendant) would be of doubtful constitutionality under Baker v. Tulsa Building & Loan Ass'n, 179 Okl. 432, 66 P.2d 45; but, as clearly indicated in State ex rel. Weingart v. Kiessenbeck, 167 Or. 25, 114 P.2d 147, a divorce decree's provisions for child support are in neither of these categories. In addition to what was said in that case about Springstun v. Springstun, 131 Wash. 109, 229 P. 14, 40 A.L.R. 595, it should be pointed out that the latter case involved an attempt by a divorced mother to have the court extend, past the divorced couple's daughter's eighteenth birthday, the original support payments prescribed in the couple's divorce decree, rather than instituting proceedings to modify the decree, which this case involves. We find nothing illegal or unconstitutional in requiring a father in defendant's situation to contribute to the support of his daughter while she is unmarried and attending school, even though she is legally an adult, and, without the divorce court's exercise of jurisdiction, he would ordinarily have no legal liability for her support. That a person may be an adult does not preclude another from being required to contribute to his or her support. In this connection, notice 32 O.S.1961 and 1971, § 3, 43A O.S.1961 and 1971, § 115, and the annotation at 1 A.L.R.2d 910, 921ff.

■ We think the plain implication from the Legislature's 1968 and 1969 Amendments of Section 1277, supra, is that —as to the continuing jurisdiction the courts then already possessed to make provision for the education of female children of divorced parents during the period before such children's eighteenth birthdays (Stoner v. Weiss, 96 Okl. 285, 222 P. 547)—it was the legislative intent to extend that period until such females became twenty-one years of age (if unmarried and enrolled in and attending school), to the end of reducing the inequities that had previously existed between them and their brothers or other male offspring of legally dissolved marriages. Plaintiff suggests to require a parent to contribute to the expense of a daughter's higher education, when she is old enough to obtain it, is more practical, from some standpoints, than ordering the parent to create a fund for that purpose before she is old enough for it to be known whether or not she will continue her education beyond minority.

In accord with the principles pertinent here, that were adhered to in State ex rel. Weingart v. Kiessenbeck, supra, we hold that when Senate Bill 317, supra, became effective during Lowery Jean's minority, it extended the period during which the trial court had continuing jurisdiction to make

provision for her support and education until she was twenty-one years of age, provided she was then unmarried and regularly attending school.

It therefore follows that the trial court erred in holding that it had no such jurisdiction and in finding that jurisdiction was lost when she reached her eighteenth birthday. Accordingly, the judgment of that court is hereby reversed, and this cause is remanded to said court with directions to set aside that order and proceed in the manner authorized by 12 O.S.1969 Supp. and 1971, § 1277, as herein construed.

All Justices concur.