Sophia **LOOKOUT**, Appellant,

v.

Randolph **LOOKOUT**, Appellee.

No. 46604.

Court of Appeals of Oklahoma,
Division No. 1.

May 7, 1974.

Rehearing Denied June 11, 1974.

Certiorari Denied July 16, 1974.

Released for Publication by Order of Court
of Appeals Sept. 16, 1974.

Charles R. Gray, W. N. Palmer, Pawhuska, for appellant.

Heskett & Heskett, Bill Heskett, Jack Heskett, Joe Robertson, Elam J. Raymond, Pawhuska, for appellee.

ROMANG, Judge:

The parties herein were divorced on May 11, 1959. The plaintiff-wife was awarded the custody of the five minor children of the marriage. The defendant-husband was ordered to pay certain child support payments "until the youngest of said children become of age or until the further order of the court."

The last order pertaining to child support was entered on October 10, 1972, and it provided as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the defendant shall pay to the plaintiff as child support for said Ira Edward Lookout the sum of $50.00 per month, . . ."

The order did not state as to how long said payments were to be made. Defendant made the payments through the month of December, 1972, but none after that time.

The child, Ira Edward Lookout, was eighteen years of age in January, 1973.

On April 23, 1973, plaintiff filed an application for contempt citation alleging that Ira Edward Lookout was going to school and that he was in dire need of funds for his schooling and maintenance, and further alleging that the defendant was four months delinquent in his child support payments for said child and should be cited for contempt.

A citation order to show cause was issued and served upon the defendant, who thereafter filed a demurrer to the citation.

After hearing and the submitting of briefs, the trial court sustained the demurrer and dismissed the contempt proceeding. From said ruling the plaintiff has appealed and plaintiff asserts in her brief as follows:

"The appellant contends that under the existing law Ira Edward Lookout had a vested right in his father's support until he became 21, and that the Legislature could not and did not destroy that vested right."

The defendant asserts in his answer brief as follows:

". . . The issue in the case at bar is whether or not the amendment of Section 13 to Title 15 of the Oklahoma Statutes, which lowered the age of majority to 18 years, affects the provisions of a divorce decree directing a father to pay child support until the child reaches majority when said decree was entered prior to the amendment of the Statute."

15 O.S.Supp.1972, § 13, effective August 1, 1972, provides:

"Minors, except as otherwise provided by law, are persons under eighteen (18) years of age."

12 O.S.Supp.1973, § 1277, effective August 16, 1973, provides in its entirety:

"A petition or a cross-petition for a divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are such children, the court shall make provision for guardianship, custody, support and education of the minor children, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action."

Irby v. Martin, 500 P.2d 278 (Okl.1972) appears to be the nearest Oklahoma case in point on the issue involved. In that case the parties were divorced in 1954, and the custody of the minor child, a daughter, was awarded to the plaintiff-mother. The defendant-father was ordered to pay child support "until said child attains the age of eighteen years or until the further order of this court."

The daughter reached the age of eighteen years in February, 1971.

12 O.S.1961, § 1277 had been amended in 1969 to include the following paragraph:

"The court may make provisions for the support and education of a female child so long as she remains unmarried and enrolled in and regularly attending a public or private school or institution of higher learning until she attains the age of twenty-one (21) years."

Said paragraph was removed by the aforesaid 1973 amendment.

In July, 1971, the plaintiff in the Irby case, supra, filed an application for modification of the divorce decree to provide support for the said child who was unmarried and who was attending school. The defendant filed a motion to dismiss which was sustained. On appeal the order was reversed. The Oklahoma Supreme Court held that the 1969 amendment extended the period of time during which the trial court had continuing jurisdiction to make provision for the support of a female child of divorced parties.

Somewhat the reverse situation exists in the instant case, for the minority of a male child has been reduced to eighteen years, and the period of time in which a trial court may make provision in a divorce case for the support of the male children involved has been reduced accordingly.

In the Irby case, supra, the syllabus reads in part:

". . . [W]here the Legislature enacts a statute, while the daughter is still a minor, extending the Court's continuing jurisdiction over such children's support until they are twenty-one, if unmarried and attending school, said statute may apply to a motion, filed after the daughter became eighteen, to modify the

divorce decree's support provisions without violating constitutional provisions concerning the effect of retroactive or ex post facto laws on vested and/or accrued rights."

■ Although the order herein of October 10, 1972, did not provide as to how long the child support payments should continue, we hold that they automatically terminated when Ira Edward Lookout reached the age of 18 years, and if a date had been set beyond that time, it would have made no difference.

In Lowry v. Lowry, 189 Okl. 650, 118 P.2d 1015 (1941), on the question of when child support payments terminated, the court said:

". . . Even though not expressly set forth therein, such order terminated on the day the youngest child attained majority.

\*    \*    \*    \*    \*    \*

"The purpose of the order in this case was the support of the minor children. This purpose has been accomplished, and the matter of the care and custody of the minor children is finally disposed of. The force and life of the order expired on the date the youngest child attained majority . . ."

■ The legislature has the authority to either extend or reduce the period of continuing jurisdiction of a trial court to make provision for the support of children of the parties in a divorce case. Under present statutes such continuing jurisdiction terminates when the children reach the age of eighteen years.

The fact that the divorce was granted herein before the present applicable statutes were enacted, would not give the children involved any greater rights than those provided for children involved in current divorces.

We do not find that the subject child had any vested rights as contended by the plaintiff.

Affirmed.

BOX, P. J., and BAILEY, J., concur.