REVENUE AND TAXATION The requirement contained in Senate Bill 235 of the First Regular Session, Thirty-sixth Oklahoma Legislature (68 O.S. 2457 [68-2457] (1977)) that not more than one member shall live in any one county commissioner's district does not effect current members of county boards of equalization but will be effective only with respect to future appointments to fill vacancies on the current boards, appointments and reappointments for the new term of office. The Attorney General has received your letter wherein you refer to Senate Bill No. 235, First Regular Session of the Thirty-sixth Oklahoma Legislature (1977) which amended 68 O.S. 2457 [68-2457] (1976) by adding the language "Not more than one member shall live in any one county commissioner's district." You then, in effect, ask the following question: Does the amendment to 68 O.S. 2457 [68-2457] (1976) contained in Senate Bill No. 235, affect the current county equalization boards or will it become effective with future appointments? The current county boards of equalization are serving pursuant to the provisions of 68 O.S. 2457 [68-2457] (1971), as amended by Section 1, Chapter 129, O.S.L. 1976 (68 O.S. 2457 [68-2457] (1976)). This section provides that the tenure of office for boards of equalization shall be coterminous with that of the county commissioners. The current members were appointed for a fixed term without any requirement that not more than one member live in any one county commissioner's district. The issue therefore becomes whether the requirement that not more than one member shall live in any one county commissioner's district should apply to new appointments or whether the requirement shall also apply to those current members who were appointed under the then existing statute which had no such requirement. The legal question presented is whether the amendment contained in Senate Bill No. 235 should operate prospectively as to future appointments only. In Swatek Construction Co. v. Williams,177 Okl. 305, 58 P.2d 585, 587, the Oklahoma Supreme Court quoting from Good v. Keele, 29 Okl. 325, 116 P. 777, held: "Statutes are to be construed as having a prospective operation unless the purpose and intention of the Legislature to give a retrospective effect is expressly declared or is necessarily implied from the language used. In every case of doubt, the doubt must be resolved against the retrospective effect." There is nothing in the language contained in Senate Bill No. 235 which expressly or impliedly indicates that the Legislature intended to give a retrospective effect to the statute. It must therefore be concluded that the requirement that not more than one member of a county board of equalization shall live in any one county commissioner's district does not effect the current members of county boards of equalization but would become effective only with future appointments to such boards. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The requirement contained in Senate Bill No. 235 of the First Regular Session, Thirty-sixth Oklahoma Legislature (68 O.S. 2457 [68-2457] (1977)) that not more than one member shall live in any one county commissioner's district does not effect current members of county boards of equalization but will be effective only with respect to future appointments to fill vacancies on the current boards, appointments and reappointments for the new term of office. (MARVIN C. EMERSON)