David Oliver GALLOWAY, Appellant,

v.

Glynndean GALLOWAY, Appellee.

No. 49722.

Supreme Court of Oklahoma.

Sept. 11, 1979.

---

Loren A. McCurtain, McAlester, for appellant.

Jerry V. Beavin, Oklahoma City, for appellee.

IRWIN, Vice Chief Justice.

On November 28, 1975, appellant-father, David Oliver Galloway, stopped paying support for his daughter (Shauna Kay) who became eighteen that day. At that time he was under a 1971 court order to pay for her support "until further order of the court."

In February, 1976, appellee-mother filed an Application for Contempt Citation against her former husband for failure to pay the support payments as ordered and also sought a money judgment for the payments due. Mother proceeded on the theory that under 12 O.S.Supp.1974, § 1277,[1] she was entitled to child support "for the current school year" in which her daughter reached her eighteenth birthday.

Father demurred to the citation alleging the trial court had no authority to enforce the earlier support order because it had terminated by operation of law when Shauna Kay became eighteen, citing, *Lookout v. Lookout*, Okl.Ct.App., 526 P.2d 1405 (1974). The trial court rejected the plea, found the father guilty of contempt, ordered punishment, and granted a money judgment in favor of the mother. The Court of Appeals reversed the trial court's order and mother seeks certiorari.

When the support order was entered the statute in reference to support payments (12 O.S.1971, § 1277) provided that the court may make provisions for the support and education of a female child so long as she remains unmarried and enrolled in and regularly attending school until she attains the age of twenty-one (21). In 1971, females reached their majority at eighteen (18). See 15 O.S.1971, § 13. This section was amended in 1972 (Okl.Sess.Laws 1972, Ch. 221) and now both male and female reach their majority at eighteen (18).

In 1973, the Legislature amended section 1277, supra, (Okl.Sess.Laws 1973, Ch. 188) and provisions for the support of a child beyond its eighteenth birthday were deleted. In *Lookout*, supra, the effect of the 1973 amendment was considered in connection with the eighteen-year-old majority statute (sec. 13, supra) and it was held that child support payments automatically ter-

---

1. 12 O.S. 1974 Supp. § 1277, provides in part that " * * * if there are children who have reached their eighteenth birthday and are regularly attending but have not completed high school they shall be entitled to support by the parents for so long as the child is attending high school for the current school year in which the child reached his eighteenth birthday."

   That section was changed again by an amendment effective October 1, 1979. See Okl. Sess.Laws, 1979, Ch. 93.

minated when a child reached its eighteenth birthday. Father relies upon *Lookout* to sustain his argument that the support payments in the case at bar automatically terminated on Shauna Kay's eighteenth birthday.

Mother correctly points out that prior to the time her daughter attained the age of eighteen (18) and the support payments terminated under the holding in *Lookout,* the 1974 Legislature amended section 1277, supra.[2] Mother argues she was entitled to child support during the current school term that Shauna Kay attained her majority and that *Lookout* supports her position. In *Lookout* the court said:

> "The legislature has the authority to either extend or reduce the period of continuing jurisdiction of a trial court to make provision for support of children of the parties in a divorce case. Under present statutes such continuing jurisdiction terminates when the children reach the age of eighteen years."

When *Lookout* was decided there was no statutory authority allowing the trial court to retain jurisdiction to compel child support payments beyond a child's eighteenth birthday. However, by the 1974 amendment of section 1277, the Legislature extended the trial court's jurisdiction in reference to child support payments beyond a child's eighteenth birthday to the current high school term if the child was regularly attending high school. A similar extension of the trial court's jurisdiction was considered and approved in *Irby v. Martin,* Okl., 500 P.2d 278 (1972). *Irby* involved the support of a female child (Lowery Jean) who would attain her majority at the age of eighteen. In 1954, when the custody order was entered, the court was authorized by section 1277 to make provision for the education as well as the custody and support of the minor children. Prior to the time Lowery Jean attained her majority the Legislature amended section 1277 (1969 Session Laws, Ch. 334, pg. 472) and provided that the court could make provision for the support and education of a female child so long

as she remained unmarried and enrolled in and regularly attending a public or private school or institution of higher learning until she attained the age of twenty-one.

Lowery Jean was unmarried and enrolled in college when she became eighteen, and her mother, in reliance on the 1969 amendment of 1277, filed her application for the support of Lowery Jean under the terms of the amendment. We held she was entitled to the continuing support under the amendment on the theory that the court had continuing jurisdiction to modify the custody provision and the Legislative amendment extended the courts continuing jurisdiction so long as the required conditions were satisfied.

In the case at bar, the father's obligations to support Shauna Kay would have terminated on her eighteenth birthday under the laws existing prior to the amendment of section 1277 in 1974. *Lookout,* supra. The 1974 amendment extended the court's continuing jurisdiction, and the mother would be entitled to support payments for the current school year if Shauna Kay were regularly attending and had not completed high school when she reached her eighteenth birthday. This entitlement to support was absolute until Shauna Kay reached her majority, but any entitlement beyond her majority was contingent upon her satisfying the educational requirements of section 1277, as amended.

The 1974 amendment of sec. 1277 did not, as a matter of law, extend the father's obligation to support Shauna Kay after she reached her eighteenth birthday, but it did extend the period during which the trial court had continuing jurisdiction to make provisions for her support for the current school term. Although the mother may have been entitled to have support payments extended after Shauna Kay reached eighteen, unlike *Irby v. Martin,* supra, upon which the mother relies, there was no application to extend the father's obligation after the 1974 amendment. Absent a modification extending the father's

---

**2.** See footnote 1.

obligation under the 1974 amendment, there was no obligation to continue support after Shauna Kay reached eighteen, and there was no violation upon which contempt and a judgment for arrearage could be based.

Judgment reversed.

LAVENDER, C. J., and WILLIAMS, HODGES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

BARNES, J., dissents.