## PARKHILL TRUCK CO. v. EMERY, Adm'r, et al.

No. 24239. Oct. 17, 1933.

Rehearing Denied Dec. 5, 1933.

Pierce, Follens & Rucker, for petitioners.

Holley & Holley and A. L. Emery, for respondents.

RILEY, C. J. This is an original proceeding to review certain orders and decisions of the State Industrial Commission. An award was made in favor of William V. Morton and against petitioners for compensation at the rate of $9 per week for 500 weeks, less eight weeks theretofore paid, for permanent total disability to be computed from January 27, 1930. The award was made February 18, 1932. Thereafter Maryland Casualty Company made and delivered its check payable to claimant in the sum of $576, as compensation, computed to May 15, 1932. The claimant indorsed said check to the secretary of the State Industrial Commission, apparently in order that the Commission might fix attorney's fees in favor of the attorneys for claimant. Thereafter, on April 4, 1932, the matter of the disposition of the check or its proceeds coming on before the Commission, an order was made which, after reciting the above facts, reads as follows:

"It is, therefore, ordered: That within 15 days the said secretary, Chester Napps, pay to the firm of Holley & Holley, the sum of $100, and to A. L. Emery, the sum of $100 and to the claimant the sum of $376, and should take recceipts from all parties and file the same with the Commission, evidencing compliance with the terms of this order."

On May 25, 1932, the Commission made an order commuting the last 39 weeks' compensation of the award of February 18, 1932, to a lump sum, without discount, payable within 15 days. On May 26, 1932, claimant, Wm. V. Morton, died. A. L. Emery, having been appointed administrator of the estate of Morton, on May 30, 1932, filed a suggestion of the death of Morton, and an application to revive the award in the name

of the administrator and for an order for the payment of an additional $351 for funeral expenses, reciting therein that "This Commission did on May 25, 1932, order the payment of $351 for payment of funeral expenses, but that another sum of the same amount will be necessary."

On June 24, 1932, the insurance carrier filed a motion to vacate the order of May 25, 1932, because of the death of claimant before payment of the 39 weeks' compensation became due under said order, and on the same day filed its notice of suspension of payment of the award as of May 27, 1932, because of the death of the claimant, William V. Morton, and the resulting change of condition, and asked for a hearing and an order approving discontinuance of payment.

The cause was set for hearing apparently on the motion to vacate and the motion for an order approving suspension of payments, and on the motion of the administrator for revivor of the award.

Although nothing was said in the motion to revive concerning the cause of the death of the claimant, hearings were had and most of the evidence taken went to the cause of the death of the claimant, tending to show that he died from causes other than the accidental injuries for which compensation was awarded.

On October 4, 1932, and before the hearing was finally commenced, Holley & Holley and A. L. Emery filed what was denominated "Motion for an Order Nunc Pro Tunc." This motion was supported by the affidavit of A. L. Emery, as follows:

"Motion for an Order Nunc Pro Tunc.

"Now come Holley & Holley and A. L. Emery and move to amend the order of this Honorable Commission made and entered on April 4, 1932, by inserting in said order the following language after the words 'opinion' in the sixteenth line, to wit:

" 'Counsel for claimant are entitled to ten per cent. attorney fees' and by adding at the very end of said order the following language: 'and that the Maryland Casualty Company pay, within 15 days to Holley & Holley, the sum of $175, and to A. L. Emery the sum of $175 and deduct said sums from the end of said award,' for the reasons which will appear in the following affidavits.

"Holley & Holley,
"A. L. Emery,
"Attorneys for claimant.

"State of Oklahoma, Okmulgee County, ss.

"I, A. L. Emery, being duly sworn, say:

"That on April 4, 1932, in the above entitled matter a hearing was had on an allowance of attorneys fees, on a division of said fees between the attorneys, and on whether a check of the Maryland Casualty Company for $576 should be held up pending the appeal of the Hartford Accident & Indemnity Company. At said hearing, all three Commissioners were present, the claimant was present in person, G. A. Holley, E. D. Holley, and affiant.

"That at said time, Holley & Holley were opposed to the claimant accepting the said check and were objecting to the Commission allowing the claimant to accept said check; while the affiant favored accepting the check on account of the physical condition of claimant that he might die at any time. The Commission found on account of the physical condition of claimant, that the check ought to be cashed. Judge Doyle stated at that time that the lawyers ought to be paid something out of the check. The question was discussed then between the Commissioners how much of attorney fee should be allowed; and it was determined at that time that the sum of ten per cent. should be allowed. After evidence was taken and arguments made by counsel, the Commission decided that the fee should be divided equally one-half to Holley & Holley, and the other half to A. L. Emery; and the Commission further decided that the claimant should pay $100 out of the check to Holley & Holley and $100 to A. L. Emery.

"A few days later, a copy of the order, with check, was received by the affiant, but the secretary omitted to insert therein the amount of the attorney fee which was allowed."

On October 25, 1932, the Commission made a finding in effect that the statements and allegations in said motion and affidavit were true, and entered an order correcting the order of April 4, 1932, by inserting therein that "counsel for claimant are entitled to ten per cent. attorneys' fees." And adding to the order the following:

"And that the Maryland Casualty Company pay within 15 days to Holley & Holley the sum of $175 and to A. L. Emery the said sum of $175 and deduct said sums from the end of said award."

Upon the final hearing the Commission made and entered an order as follows:

"The Commission finds that the claimant died on May 26, 1932, from an independent cause not due to the injury for which compensation had been awarded; and that the award ought to be revived in the name of A. L. Emery, as administrator of the estate of the deceased for the use and benefit of the dependents or persons entitled thereto.

"It is therefore ordered: That the award rendered herein be and the same is hereby

revived in the name of A. L. Emery as the administrator of the estate of Wm. V. Morton, deceased, for the use and benefit of the dependents or persons entitled thereto."

On the same date a further finding and order was made as follows:

"The Commission finds that the claimant died on the 26th day of May, 1932, and that the order of May 25, 1932, is a valid and subsisting order and that the same ought not to be vacated, and said order has never been appealed from.

"It is therefore ordered: That the said motion of the respondents and its insurance carrier to vacate and set aside the order of the Commission dated May 25, 1932, is hereby overruled and denied, and said respondent and its insurance carrier are hereby ordered to comply with the order of May 25, 1932, forthwith."

This proceeding is brought to review said orders.

The first proposition presented is that the order of October 25, 1932, reviving the award in the name of A. L. Emery, as administrator of the estate of Wm. V. Morton, is contrary to the law and beyond the power of the State Industrial Commission.

It is contended that the right to compensation not yet accrued and to which the workman would be entitled is terminated by his death and does not pass to his personal representative.

The exact question was passed upon by this court in Rounds v. State Indus. Comm., 157 Okla. 145, 11 P. (2d) 479:

"The right to compensation not yet accrued, to which the beneficiary would become entitled, is terminated by his death, and does not pass to his personal representatives or heirs."

A somewhat similar question was passed upon by this court in Lahoma Oil Co. v. St. Indus. Comm., 71 Okla. 160, 175 P. 836; it was held:

"Where one entitled to compensation under the Workmen's Compensation Act (chapter 246, Laws 1915) secured a determination and award for permanent disability, and died before the lapse of the maximum number of payments had been made according to the terms of the award, the right to compensation under the award ceased with his death."

It was also held that the State Industrial Commission lost jurisdiction upon the death of the claimant and that this court thereby lost jurisdiction of the appeal. Therein no distinction was made between matured or due installments and unmatured installments of the award.

The question in another form was again before this Court in Western Inv. Co. v. St. Indus. Comm., 96 Okla. 100, 219 P. 147. Therein the former holding of this court in the Lahoma Oil Company Case applicable to matured and unpaid installments was expressly overruled. The question as to the unmatured installments was expressly reserved. The question of the right of survivor thereafter came before the court in the Rounds Case, supra, decided May 10, 1932, wherein the question was definitely decided against the right of survivor, as to unmatured installments.

It is earnestly contended that the Rounds Case, supra, is not controlling for the reason that in that case the injured workman "died from injuries for which compensation had been allowed." Whereas, in the instant case the injured workman, Morton, died from causes other than for which compensation had been awarded.

Defendant in error in his brief states:

"In the Rounds Case, this court failed to bear in mind that it was there determining a case wherein the injured workman died as a result of his injuries and that the case came squarely within the provisions of sections 13402, 13403." (O. S. 1931.)

The Rounds Case, supra, does not disclose that the injured workman died as a result of the accidental injury for and on account of which compensation had been awarded. The findings of the State Industrial Commission are quoted in full therein. It does not appear there or elsewhere in the opinion from what cause the workman died. Section 13402, supra, has no application whatever to the questions here involved. All it does is to provide that the Compensation Act should not affect any action pending or cause of action then existing or thereafter accruing to the dependents or other legal representatives of an injured employee in case death results from the injury after he has been awarded compensation, and to provide to workmen for whom compensation was not provided under said act the right to prosecute an action in the courts for damages for his injuries.

Section 13403, supra, merely recognizes the right of action to recover damages for injury resulting in death preserved by section 7, art. 23, of the Constitution.

As stated before, the contention here is that because the injured workman died from causes other than the accidental injuries for which compensation was allowed, a different rule applies, and that the right to compensa-

tion survives and that the cause may be revived in the name of the personal representative. But this contention is completely answered in the Rounds Case, supra, wherein the court said:

"Wages cease with death, and likewise compensation received in lieu of wages must cease with death. If the employee die from natural causes, his representatives have no claim against the employer."

It is also said therein that if death results from the injury received in industries, special provisions are made to take care of the employee's dependents, viz., sections 7337, 7338, and 7339, C. O. S. 1921. That is to say that these sections preserve the right to prosecute an action in the courts for damages as provided in the Constitution and specifically provided for in sections 824 and 825, C. O. S. 1921.

As between employer and employee, where compensation is provided for under the Workmen's Compensation Act, the right of action for damages for injury to the person is abolished by the act. There is therefore no cause of action which could survive at common law under section 822, C. O. S. 1921.

As stated in the Rounds Case, supra, careful review of the cases relative to the survival of the right of compensation under Workmen's Compensation Acts will disclose that the general rule is that such right, in the absence of a statute specifically providing therefor, does not survive, especially with reference to compensation not having accrued at the time of the death of the injured workman.

In some states there is a contrary rule applying to certain specific injuries, such as the loss of a hand, foot, or other specific member.

Haugse, Adm'r, v. Sommers Bros. Mfg. Co. (Idaho) 254 P. 212, is a case cited and relied upon by defendant in error. That case recognizes the general rule, but makes exception thereto in cases of specific injury, such as the loss of an eye, where the statute provides for compensation for a certain number of weeks and without regard to whether or not the employee is rendered unable to perform labor during such period, or whether or not his earning capacity is reduced. It is there held that in such cases the right to compensation survives. However, that case is apparently based partly upon agreement to pay, signed by the insurance carrier after the injuries were received.

Federal Surety Co. v. Pitts (Tex.) 29 S. W. (2d) 1046, is another case cited and relied upon by defendant in error. And as in the Haugse Case, supra, the injury was one wherein the loss of a specific member was involved, and the statute likewise provided for compensation for a definite number of weeks without regard to whether or not the injury reduced the earning power of the workman.

The Civil Court of Appeals of Texas, in U. S. F. & G. Co. v. Salsler, 224 S. W. 557, recognizes and follows the general rule. It is there held that the compensation provided for the injured employee is for a benefit and protection, and if the employee dies before receiving any of such compensation, his death not having been caused by the injury, no right would have survived to his heirs.

In the Pitts Case, supra, the Supreme Court of Texas makes an exception to the general rule in cases of the loss of specific members, etc.

In the instant case we have a different situation from that in the Haugse Case or the Pitts Case, supra, for herein the cause of the permanent total disability was hernia and not the loss of any specific member mentioned in our Workmen's Compensation Act, but comes within the provisions of section 7290, C. O. S. 1921], as amended by section 61, S. L. 1923.

We see no cause for departing from the rule announced in the Rounds Case, supra, and the order reviving the award in the name of the administrator is without authority of law. This we think disposes of the principal question involved, but the record discloses a purported "order nunc pro tunc," a part of which purports to correct an order of the Commission made on April 4, 1932. On that date the Commission apparently had before it the question as to what disposition should be made of the proceeds of the check issued by the insurance company in the sum of $576, made payable to the claimant. The Commission in said order recited that this check had been issued by the Maryland Casualty Company as compensation computed to May 15, 1932; that the check had been indorsed by claimant to Chester Napps, secretary of the Commission, "in order that the Commission may fix an attorney's fee in said matter." The original order made on that date purported to make disposition of said check only. It ordered the secretary to pay $100 to the firm of Holley & Holley, $100 to A. L. Emery, and $376 to claimant. The application for the order nunc pro tunc for the correction

of this order was filed October 4, 1932. The application itself made no allegation whatever that the matters and things desired to be inserted were actually paid on the order made on April 4, but based the reasons entirely upon the affidavit of A. L. Emery. The affidavit states that the question of attorney's fees was discussed, and it was determined at that time that the sum of ten per cent. should be allowed, but the affidavit made no mention whatever and in no way attempted to state that the Industrial Commission, on April 5, 1932, made or ever discussed making an order that the Maryland Casualty Company pay, within 15 days, or any other time, $175 to Holley & Holley and $175 to A. L. Emery and deduct said sums from the end of said award. Therefore, in respect to that part of the amendment "nunc pro tunc," the same was wholly without any evidence to support it. In fact, it clearly appears that the Commission could hardly have thought of making such provisions at that time, for it was not until May 25, 1933, that the order was made purporting to commute the last 39 payments of the award. The last 39 payments would amount to $351, just $1 less than the sum of the two amounts which the amended order would say was ordered paid to the attorneys. Furthermore, if the allegations of the motion to revive are to be taken as true, and they are so found by the Commission in the final order reviving the award, this same $351 was, on May 25, 1932, ordered paid for the payment of funeral expenses, and this one day before the death of claimant as found by the Commission. There was no basis whatever for the latter part of the order "nunc pro tunc."

What we have said under the first proposition disposes of the whole award unless it can be said that the last 39 installments of the award were matured and became due on May 25, 1932, by reason of the order of the Commission made on that date commuting such payments into cash without discount and making same payable within 15 days. The order of May 25th appears to have been made by the Commission of its own motion without any application therefor, without any hearing whatever, and without any evidence in support thereof.

It has been held by this court, and particularly in M. T. Smith & Sons Drilling Co. v. Cox, 162 Okla. 301, 21 P. (2d) 496, that the Commission is vested with a wide range of discretion in the matter of commuting periodical payments into lump sum payments in the interest of justice, and where it does not affirmatively appear that the Commission has abused its discretion and where such orders tend to promote substantial justice to all the parties involved, such order will not be disturbed by this court. We are, therefore, to look to the records as to whether it affirmatively appears therefrom that the Commission has abused its discretion in commuting the last 39 installments of the award, and also whether such order commuting said payments promoted substantial justice to all the parties concerned.

From the record we are forced to the conclusion that the order commuting the last 39 payments was made in view of the impending death of the claimant. While the Commission found that claimant died on May 26, 1932, there is much convincing evidence in the record that he died on May 25th, the same day the order commuting the payments was made. It is so stated in the suggestion of death and application to revive, filed May 30, 1932, either four or five days after the death, by the attorney for claimant. Not only did he state the day of the month, but also stated the day of the week as Wednesday. Reference to the calendar will disclose that May 25, 1932, fell on Wednesday. In addition thereto the physician upon whom the administrator was relying to establish the cause of the death of the claimant testified that according to his record, presumably made at the time he visited Mr. Morton, the claimant, on May 25, 1932, and that when he called claimant was dying. The death certificate shows and the testimony of the widow fixes the date of the death as May 26, 1932.

The Commission, under this conflicting evidence, found the date of the death to be May 26, 1932, and this being a finding of fact is binding upon this court. But the order commuting the payments must have been made in view of all the facts shown by the record then before the Commission. It will be observed that there was no finding whatever as to the life expectancy of the claimant, as in the case of the Cox Case, supra. No provision whatever was made in the order to protect the rights of the insurance carrier in case of a future change of condition. At the hearing of the motion of plaintiff in error to set aside the order of May 25, 1932, the Commission had before it the affidavit of A. L. Emery made and filed in support of the motion for an order "nunc pro tunc." This affidavit states that on April 4, 1932, all three of the Commissioners and claimant were present at a hearing as to the disposition of the proceeds of the

check in the sum of $576; that affiant was then in favor of accepting the check, "on account of the physical condition of claimant, that he might die at any time." The Commission found on account of the physical condition of the claimant that the check ought to be cashed. The Commission in its order found, "The statements and allegations set forth in the motion and affidavit are true."

The Commission, therefore, according to its findings had before it on April 4, 1932, the question of the then physical condition of the claimant and the assertion of one of his attorneys that his physical condition was then such that he was likely to die at any time.

With all this before the Commission, on May 25, 1932, with claimant then on his deathbed and his condition such that he died the next day, the Commission, without any application therefor, and without any hearing and of its own motion made and entered the order commuting the last 39 payments without discount, and this, according to the affidavit of defendant in error in his motion to revive says was allowed for "funeral expenses," although the order was made before the death of the claimant.

With the record thus, it almost certainly appears that the order commuting said payments was made in view of the impending death of claimant. It is impossible to say under this record that the order tended to promote substantial justice to all the parties involved.

The order of the Commission denying the motion of petitioner and the order reviving the award in the name of the administrator are reversed and set aside, and the cause is remanded, with directions to abate the award as of May 26, 1932.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, BAYLESS, and WELCH, JJ., concur.