## WASHABAUGH, Adm'r, et al. v. BARTLETT COLLINS GLASS CO. et al.

No. 25828.    March 24, 1936.

Rehearing Denied May 26, 1936.

Glenn O. Young, for petitioners.

Green & Farmer and the Attorney General, for respondents.

PER CURIAM. This is an original action in this court brought by William Washabaugh, administrator of the estate of Loyd Washbaugh, deceased, and the heirs at law of said Loyd Washabaugh, deceased, as petitioners, for the review and vacation of an order made by the State Industrial Commission on August 8, 1934, denying an application for revivor and sustaining the demurrer of the respondents Bartlett Collins Glass Company and its insurance carrier to their application.

The parties will be hereinafter referred to as petitioners and respondent. The facts are not in dispute. It appears that one Loyd Washabaugh, while in the employ of the respondent Bartlett Collins Glass Company, on March 1, 1929, sustained an accidental personal injury, which was compensable under the Workmen's Compensation Law of this state. Claim for compensation was duly filed with the Industrial Commission and culminated in an award on January 4, 1930, in favor of Loyd Washabaugh in the amount of $723, on account of temporary total disability, and in the amount of $1,350,

on account of permanent partial disability. An action was instituted to review th award, but before a determination thereof was had the respondent dismissed the proceedings and effected a settlement with Loyd Washabaugh whereby they paid to him the sum of $1,500. This settlement was had independently and without the approval of the State Industrial Commission. Thereafter, on January 14, 1932, the said Loyd Washabaugh filed with the State Industrial Commission an application to reopen the cause on the ground of change in condition. Pursuant to this application the commission reopened the matter, heard the evidence, and on October 25, 1932, found that the said Loyd Washabaugh was permanently and totally disabled and awarded him compensation in the sum of $9,000, less the $1,500 previously paid. The respondent thereupon instituted an action in this court to review and vacate said award. However, said award was affirmed by us October 31, 1933 (Bartlett Collins Glass Co. v. Washabaugh, 166 Okla. 90, 26 P. (2d) 420).

Mandate of this court showing such affirmance was spread of record by the State Industrial Commission on November 28, 1933. The said Loyd Washabaugh departed this life October 2, 1933, at which time no part of the award of October 25, 1932, had been paid. The respondents thereupon paid the installments which had accrued up to the date of the death of the said Loyd Washabaugh and refused to make any further payments. On November 9, 1933, the petitioners herein filed with the State Industrial Commission their application to have said award revived in their names and payment of the unmatured balance made to them. On June 19, 1934, the respondent and its insurance carrier filed with the commission a suggestion of death of Loyd Washabaugh and their motion to dismiss the action. The application for revivor and motion to dismiss were heard by the commission at the same time, and on August 8, 1934, the commission entered the order which we are now called upon to review, the pertinent portion of which reads as follows:

"Upon a consideration of the foregoing facts this commission is of the opinion: That upon the death of Loyd Washabaugh, the claimant, all rights on behalf of said Loyd Washabaugh, the administrator of his estate, and his mother and sole heir, or either of them, ceased and terminated and that there is no further liability on behalf of the respondent or its insurance carrier for the payment of further compensation herein and that the motion for revivor and

the order directing the payment of further compensation is hereby denied and overruled and the demurrer thereto sustained."

The sole question presented here is one of law as to whether the unpaid and unmatured portion of the award of October 25, 1932, survived to the provisions of chapter 29, S. L. 1933, or abated in accordance with the holdings of this court prior to the enactment of said act.

The petitioners admit that had the said Loyd Washabaugh departed this life prior to the enactment of chapter 29, S. L. 1933, the award would have abated under the holdings of this court in Lahoma Oil Co. v. Industrial Com., 71 Okla. 160, 175 P. 836; Rounds v. State Ind. Com., 157 Okla. 145, 11 P. (2d) 479, and Parkhill Truck Co. v. Emery, 166 Okla. 280, 27 P. (2d) 333.

Petitioners, however, contend that the rule announced by this court in the above cases has no application where the claimant dies subsequent to the effective date of chapter 29, S. L. 1933. Since the proceedings herein were commenced in this court and the briefs of the parties filed, we have definitely answered their contention in the case of Swatek Const. Co. v. Williams, 177 Okla. ---, 58 P. (2d) 585, wherein we stated:

"Since the injury occurred and the award was made prior to the enactment of said chapter 29, Session Laws 1933, we are of the opinion that the passage of said 'amendment was not intended to either add to or subtract from the right of either party thereto at that time, and that the purpose of said amendment was merely prospective and applicable to awards made in the future. In Good v. Keel, 29 Okla. 325, 116 P. 777, we said:

" 'Statutes are to be construed as having a prospective operation unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared, or is necessarily implied, from the language used. In every case of doubt the doubt must be resolved against the retrospective effect.'

"See, also, United States v. Magnolia Pet. Co., 276 U. S. 163, 72 L. Ed. 509, 48 S. C. 237; White v. United States, 191 U. S. 545. 48 L. Ed. 295, 24 S. C. 171; Shwab v. Doyle, 258 U. S. 529, 66 L. Ed. 747, 42 S. C. 391, 24 A. L. R. 1454; Franklin v. Sovereign Camp, 145 Okla. 159, 291 P. 513.

"To apply the amendment of 1933 to the case at bar as requested by the respondent would be to give her a substantive right which she did not possess prior thereto, and would be to impose the obligation of the employer and impose upon it a liability which did not theretofore exist. This would be to give the amendment a retrospective construction. As said in Draper v. W. H. Draper & Sons, 195 N. Y. Supp. p. 162:

" 'The amendment of Workmen's Compensation Law by Laws 1920, c. 532, providing that a disability award shall be payable to claimant's widow and children, does not apply to awards made after the date on which the amendment becomes effective for an injury occurring before that date, and gives claimant's widow no right to payments falling due after his death from causes other than the injury.'

"In this connection see, also, Erie Ry. Co. v. Callaway, 91 N. J. Law, 32, 102 Atl. 6; Riggs v. Lehigh Portland Cement Co., 76 Ind. App. 308, 131 N. E. 231; Stanswsky v. Ind. Commission, 344 Ill. 436, 176 N. E. 898; Playhouse Theater v. Ind. Com., 346 Ill. 509, 179 N. E. 89. The rule announced in the above cases is in line with the holding of this court in United Iron Works v. Smethers, 159 Okla. 105, 14 P. (2d) 380, wherein we said:

" 'When respondent received the accident in the case at bar, the right for compensation became vested, contingent upon compliance with the provisions of the act, and the obligation to pay under the existing law at that time was fixed.'

"This is the situation prevailing here. The injury and the award had happened and been made long prior to the amendment, payments had been made thereunder and the rights, liabilities, and privileges of respective parties had been fixed and established. The claim was nonassignable and under the law then existing was noninheritable. Should the beneficiary live, he was entitled to the payments as provided in the award. He could not dispose of them by will or assignment, and upon his death the obligation of the employer ceased. It is true that the Legislature by the enactment of chapter 29, Session Laws 1933, established a different policy, but that act was intended to operate in futuro and not in praesenti. Any other construction would in our opinion violate section 15, art. 2 of the Constitution of this state; therefore the finding and order of the State Industrial Commission was without authority of law."

The respondents urge that said chapter 29. S. L. 1933, is unconstitutional in that it violates article 23, section 7, of the Constitution. However, since the contention of the petitioners must be denied for the reasons above stated, it is unnecessary to decide this question, and we decline to express any opinion thereon at this time. The order of the commission was correct and presents no error of law. Therefore, the said order will be affirmed.

Order affirmed.

McNEILL, C. J., and RILEY. BUSBY, PHELPS, and GIBSON, JJ., concur.