## INDIAN TERRITORY ILLUMINATING OIL CO. v. PETTYJOHN et al.

No. 26915.    Feb. 16, 1937.

W. P. McGinnis, S. H. Riggs, and Archibald Bonds, for petitioner.

Tom C. Waldrep and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 29th day of January, 1935, Walter Pettyjohn filed his first notice of claim for an award alleging an injury on June 5, 1934. On the 24th day of December, 1935, an award was granted to claimant, and on the 20th day of January, 1936, petition for review of this award was filed in this court.

On the 4th day of April, 1936, the claimant died. A motion has been filed to revive this cause in the name of the widow of the deceased claimant, which motion alleges that she is the person entitled thereto and that the cause should be revived in her name.

Section 1, chapter 29, S. L. 1933, provides as follows:

"Section 1. That section 13372, Oklahoma Statutes 1931, be and the same is hereby amended to read as follows:

" 'Section 13372. Claims Nonassignable— Exempt From All Process. Claims for compensation or benefits due under this act shall not be assigned, released or commuted except as provided by this act, and shall be exempt from all claims of creditor and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees: provided, however, that an award made to a claimant under the provisions of this chapter shall, in case of death of claimant, be payable to and for the benefit of the persons following:

" '(a) If there be a surviving wife (or dependent husband) and no child of the deceased under the age of 18 years, to such wife (or dependent husband).

" '(b) If there be a surviving child or children of the deceased under the age of 18 years, or dependent blind or crippled child or children of any age, but no surviving wife (or dependent husband), then for the support of each such child, share and share alike until the full payment of the award.

" '(c) If there be a surviving wife (or dependent husband) a surviving child or children of the deceased under the age of 18 years, or a dependent blind or crippled child or children of any age, one half shall be payable to the surviving wife (or dependent husband) and the other half to the surviving child or children.

" '(d) If there be no surviving wife (or dependent husband) or child under the age of 18 or dependent blind or crippled child of any age, then to the parents share and share alike, and if no parents, then to the brothers and sisters, share and share alike.' "

In section 2 of said act there is the following provision:

"The commission may determine that payment of said award may be made in monthly, or any other periodical installments as it may deem advisable, and may thereafter on application made or upon its own motion, modify or change the said order as to manner, time and amounts of periodical payments or may direct the payment of the entire balance thereof, and in case of death of claimant at any time before satisfaction or payment of the total award made, the same shall not abate, but shall be revived in favor of the person or persons determined by the commission to be entitled thereto."

Subsequent to the enactment of this act, this court had before it two cases, the first one being Swatek Const. Co. v. Williams, 177 Okla. 305, 58 P. (2d) 585, and the second. Washabaugh v. Bartlett-Collins Glass Co., 177 Okla. 159, 57 P. (2d) 1162. Although dealing with a different construction of the act, it is pointed out therein that prior to the enactment of this law an award for compensation was personal to the beneficiary and abated at his death. Therein is cited Parkhill Truck Co. v. Emery, 166 Okla. 280, 27 P. (2d) 333, and Lahoma Oil Co. v. State Industrial Commission, 71 Okla. 160, 175 P. 836, 15 A. L. R. 817, which dealt with the right to compensation prior to the act which could result in a payment of any amount of an award subsequent to the death of said claimant. We are of the opinion, and hold, that section 1 of chapter 29, supra, provides a complete statement of the parties who shall benefit from the award subsequent to the death of the claimant. We are further of the opinion that section 2 of that act provides a distinct and separate method of revivor in the State Industrial Commission.

A response has been filed wherein it is alleged and stated that the State Industrial Commission has no power to revive an award, where such award has been entered by the State Industrial Commission and a proceeding begun within the statutory time to vacate the same, where pending such proceeding to vacate the award claimant dies. We cannot agree with such construction. We are of the opinion that a fair construction means that the award has become final for the purpose of this act when it is entered by the commission, although a proceeding may have been begun to vacate the same.

Section 528, O. S. 1931, by analogy bears out this holding. Therein the Legislature established what orders and judgments could be appealed to the Supreme Court, and in the first paragraph thereof says: "First, A final order." It is not therefore consistent to say that when a statute uses the word final order it means one from which no appeal can be taken. It often

**224**

means to establish what is a final order in order that a proper appeal may be prosecuted.

Section 2 of said act is therefore a specific grant of the right to the State Industrial Commission to revive in favor of the person or persons determined by the commission to be entitled thereto. That determination should be drawn from the evidence submitted to said commission with relation to the declaration in paragraphs A, B, C, or D in said section 1. Petitioner points out that section 2 contains the following language:

"An award for disability may be made after the death of the injured employee when death results from causes other than the injury."

We are of the opinion that under said provisions it becomes the duty of the commission to make a separate finding of fact as to whether or not the death of the claimant results from causes other than the injury.

Since the Legislature has placed the jurisdiction to revive in the commission and the commission is divested of its jurisdiction by this proceeding, it becomes necessary for the court to remand the cause to the commission with directions to the commission to proceed to revive according to the provisions of the above act.

The cause is therefore remanded to the State Industrial Commission to make a finding of fact as to who should be entitled to the award under the provisions of section 1, chapter 29, supra, and further to determine whether or not the death of the claimant resulted from causes other than the injury, and to revive the proceedings in the name of such persons as determined at the hearing. Notice of such hearing shall be given the adverse party in the State Industrial Commission, the commission's findings thereon to be certified to this court.

OSBORN, C. J., and BUSBY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, J., absent.