## BLACK GOLD PETROLEUM CO. et al. v. HIRSHFIELD .et al.

No. 27877.    Jan. 25, 1938.

Rehearing Denied May 24, 1938.

Gibson & Savage, for petitioners.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Black Gold Petroleum Company and its insurance carrier, Lloyds America, as petitioners, to obtain a review of an order and award made by the State Industrial Commission in favor of the respondents, Drs. A. C. Hirshfield, F. B. Erwin, Wesley Hospital, a copartnership, and the heirs of F. E. James, deceased. Except where a more explicit designation is required, the parties will hereafter be referred to as petitioners and respondents.

The relevant facts, as disclosed by the record, will be briefly stated. On September 4, 1936, F. E. James was in the employ of the petitioner, Black Gold Petroleum Company, in a business defined as hazardous by the Workmen's Compensation Law of this state, and while so employed and engaged sustained an accidental personal injury. The petitioners sent the injured employee to their doctor for examination and treatment. The injury appeared to be slight and of a minor nature, and after treatment for a period of ten days the employee was discharged by the petitioner's doctor as being well and fit for work. Employee then settled with the petitioners for the temporary total disability which had resulted from his injury, and this settlement was approved by the State Industrial Commission on September 18, 1936. The employee returned to work on September 16, 1936, but worked for only three days and then went to his home near Meeker, Okla., where he remained until October 14, 1936, at which time he became alarmingly ill and upon the advice of a local physician returned to Oklahoma City for further examination and treatment. The employee did not request the petitioners to furnish him further medical attention, but consulted Drs. A. C. Hirshfield and F. B. Erwin, who advised him to go at once to a hospital for a thorough examination and such treatment as should be required. In accordance with the advice so given the employee entered Wesley Hospital and was operated upon by the above-named physicians and found to be suffering from general peritonitis as a result of a ruptured appendix.

On November 12, 1936, a supplemental amended employee's first notice of injury and claim for compensation and a motion to vacate the prior order of the commission approving the settlement theretofore had and to reopen the cause on the ground of change in condition was filed with the State Industrial Commission. On November 25, 1936, the employee, F. E. James, died as a result of the peritonitis from which he was suffering when he entered the hospital. The petitioners declined to pay the bills of the doctors, nurses, and the hospital. Thereupon, on December 16, 1936, and January 15, 1937, respondent Wesley Hospital, a copartnership, filed with the commission claims for nurse and hospital services rendered to the said F. E. James between October 14, 1936, and November 25, 1936. Thereafter, on February 4, and 16, 1937, Drs. A. C. Hirshfield and F. B. Erwin filed with the commission their claims for professional services rendered to the said F. E. James between October 14, and November 25, 1936; the petitioner denied liability on each and all of said claims for the assigned reason that the State Industrial Commission was without jurisdiction of the parties and the subject-matter. The plea to the jurisdiction of the commission was overruled and denied. The commission thereupon, after hearing the

evidence offered by the parties, on March 30, 1937, entered an order and award which we are now called upon to review. The pertinent findings therein made by the commission are as follows:

"1. That on September the 4th, 1936, F. E. James, deceased, was in the employ of the respondent herein, and engaged in a hazardous occupation, subject to and covered by the terms and provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury arising out of and in the course of his employment, consisting of injuries to his back, side and internal injuries. * * *

"3. That following said accidental injuries, claimant notified the respondent, his employer, and said respondent and insurance carrier herein, provided medical care and attention and paid voluntary payments of compensation to September 15, 1936, in the sum of $12.82, as shown by Form 7, filed September 16, 1936. That claimant was dismissed by respondent and insurance carrier's doctor and told that he was able to return, to work, and on or about September 16, 1936, he reported to his employer for work and endeavored to work for a period of approximately three days, at which time he sustained a change in his condition for the worse and was forced to discontinue his attempt to work and returned to his home near Meeker, Okla., and that since said date and by reason of his change in condition, claimant was temporarily and totally disabled as a direct result of said accidental injury, until the date of his death.

"4. That the said F. E. James became acutely ill with peritonitis as a direct result of said accidental injuries, and it thus became necessary that the said F. E. James have emergency medical care, hospitalization and a major surgical operation; that he was taken to the Wesley Hospital at Oklahoma City and Dr. A. C. Hirshfield and Dr. F. B. Erwin performed the major operation and attended claimant thereafter, and have rendered their bill in the total sum of $300, or the sum of $150 each, which the commission finds is fair and reasonable and limited to the charges for like services in the same community; that the Wesley Hospital has rendered its bill in the sum of $502.45 which did not include the sum of $238, incurred for special nurses, and the commission finds that said sums are fair and reasonable and limited to the charge in this community for hospitalization, medication, operating room, board, anesthetic, etc., and for nurses' care, and that the respondent and insurance carrier are liable therefor.

"5. The commission further finds that claimant filed a supplemental amended claim on November 12, 1936, and also on said date claimant through his attorneys filed a motion to set aside order approving Form 7, and to reopen cause on change of condition, and on November 3, 1936, wrote respondent a letter requesting further medical treatment, all of which respondent and insurance carrier have ignored, and after knowledge thereof respondent and insurance carrier failed to provide said necessary medical, surgical and other attendance or treatment, including nurse and hospital service or medication; and the commission further finds that the emergency treatment furnished prior to the notice and demand was made necessary by reason of the emergency condition of claimant and was not provided by the employer or insurance carrier; that all said bills have been presented to respondent and insurance carrier for payment as provided by statute and payment thereon refused by said respondent and insurance carrier, and thereafter properly placed and filed with the commission and hearings thereon were had as set forth in this award."

Upon the findings thus made the commission awarded the heirs of F. E. James, deceased, the sum of $161.59 on account of temporary total disability of deceased from the date of injury to his death less the five-day waiting period, the sum previously paid and the three days during which deceased had worked, and awarded to Doctors Hirshfield and Erwin the sum of $300 for their services and to Wesley Hospital, a copartnership, the sum of $785.45, for hospital and nurse service rendered to the deceased.

The petitioners assign 18 specifications of error and illegality in said award. In substance, the contentions thus advanced are that in the absence of a finding that F. E. James died of a cause other than his injury the State Industrial Commission had no jurisdiction to make any award and that the award made is without the support of any competent evidence.

In Rounds, Ex'x, v State Industrial Commission. 157 Okla. 145, 11 P. (2d) 479, this court said:

"Where a claimant has made a settlement for an injury received during his employment, which settlement has been accepted and approved by the Industrial Commission, and subsequently files an application before the commission to reopen the case, but dies before there is any hearing on said application, the proceeding may not after his death be revived before the commission in the name of his personal representative."

Subsequent to the promulgation of the opinion in the above case the Fourteenth Legislature, by chapter 29, Session Laws 1933, amended several sections of the Work-

men's Compensation Law. Under section 1 of said chapter 29, supra, section 13372, O. S. 1931, was amended so as to provide that awards made to a claimant should not abate upon his death, but should survive to certain named classes of beneficiaries in a specified order, and under section 2 of said chapter 29, supra. it was further provided as follows:

"An award for disability may be made after the death of the injured employee, when death results from causes other than the injury."

In discussing the above-quoted provision of section 2, chapter 29, supra. this court, in the case of Indian Territory Illuminating Oil Co. v. Pettyjohn, 179 Okla. 222, 65 P. (2d) 415, said:

"We are of the opinion that under said provisions it becomes the duty of the commission to make a separate finding of fact as to whether or not the death of the claimant results from causes other than the injury."

That this requirement is essential is apparent when it is considered that it is only where the death of an employee is due to causes other than his injury that the commission has jurisdiction to either award or revive an award for compensation. This is due to the fact that our Constitution prohibits the abrogation of any actions for damages on account of injuries resulting in death or limiting in any manner the recovery thereon. Const. sec. 7, of art. 23. The Workmen's Compensation Law expressly excludes from its operation those cases where the accident results in death. Section 13403, O. S. 1931, provides as follows:

"It is not intended that any of the provisions of this act shall apply in cases of accidents resulting in death and no right of action for recovery of damages for injuries resulting in death is intended to be denied or affected."

This language is plain and unambiguous. If an employee dies as the result of an accidental injury sustained in his employment. the State Industrial Commission is without jurisdiction to make any award to his dependents and they are relegated to the other remedies provided by law. Parkhill Truck Co. v. Emery, 166 Okla. 280, 27 P. (2d) 333; Rounds, Ex'x, v. State Ind. Commission. supra.

By virtue of the provisions of section 13402. O. S. 1931, an award made to an injured employee during his lifetime for an injury compensable under the Workmen's Compensation Law becomes in effect an adjudicated claim as to prior liability, and death of the employee does not deprive the State Industrial Commission of jurisdiction thus previously acquired, and in such cases the commission has authority to proceed with the ancillary claims of doctors and nurses although the commission would be without authority to revive the award or thereafter make an award in favor of the workman himself. This is the extent of the rule announced in the cases of Ranney Rig Building Co. v. Givens, 141 Okla. 195, 285 P. 23; Noel v. Breco, 161 Okla. 52, 17 P. (2d) 474; Swift & Co. v. Walden, 176 Okla. 268, 55 P. (2d) 71, cited by respondents. Plainly such rule has no application to a situation such as is here presented. It will be observed from an examination of the above-quoted findings of the Industrial Commission that no separate finding was made as to the cause of the death of F. E. James. The respondents, however, concede that the death of the said F. E. James was directly and proximately caused by his accidental injury, and that if under such circumstances the commission has no jurisdiction to make an award that the award in this case cannot be sustained. In view of what has been said and the admissions made. we are of the opinion that the commission was without jurisdiction to make an award in the cause now under review and should have dismissed the application for lack of jurisdiction. This conclusion makes it unnecessary to discuss the other contention advanced by the petitioners. The award must be and the same is hereby vacated, and the State Industrial Commission is directed to dismiss the claim of the respective respondents for lack of jurisdiction to entertain the same.

Award vacated, with directions.

BAYLESS, V. C. J., and CORN, GIBSON, HURST, and DAVISON, JJ., concur.