CHAVES v. STATE INDUSTRIAL COMMISSION et al.

No. 29374. March 12, 1940.

Rehearing Denied Feb. 18, 1941.

*111 P. 2d 170.*

B. A. Hamilton and S. J. Clendinning, both of Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and J. C. Denton, R. H. Wills, J. H. Crocker, J. P. Greve, F. A. Graybill, and I. L. Lockewitz, all of Tulsa, for respondents.

PER CURIAM. This is an original proceeding brought by petitioner, Mrs. S. C. Chaves, widow of the claimant, S. C. Chaves, deceased, seeking the review of an order denying an application to revive a proceeding in the State Industrial Commission. An award had been obtained by the claimant against the respondent Mid-Continent Petroleum Corporation on July 8, 1938, in which it was determined that claimant sustained an accidental injury on August 13, 1935, while engaged in a hazardous occupation. The award was for temporary total disability, and on July 18, 1938, the respondent paid the lump sum ordered paid by the order of July 8, 1938. On July 23, 1938, claimant filed a motion to set aside the award and asked for an award for permanent total disability, and on the 6th day of August, 1938, this motion was denied.

On December 22, 1938, the petitioner filed a motion suggesting the death of the claimant, and therein sought to be substituted under the provisions of chapter 29, S. L. 1933. The State Industrial Commission gave due notice of a hearing on said motion, and at the conclusion thereof denied the application to revive the proceedings and substitute the petitioner, stating therein that the State Industrial Commission was without jurisdiction so

to do. It is this order petitioner seeks to review.

It was stipulated and agreed that the claimant was injured as alleged, and that the order of July 8, 1938, had been entered for temporary total disability, and that payment had been made for said temporary disability in compliance with said order to and including December 14, 1938; that claimant died December 14, 1938, from a self-inflicted gunshot wound. The question presented is, Where a claimant has been awarded a temporary total disability and dies from causes other than the accidental injury, may one of the parties named as beneficiaries by chapter 29, S. L. 1933, thereafter maintain a proceeding to obtain an award for an alleged permanent disability occurring prior to his death?

Prior to the enactment of chapter 29, supra, it had been held that an award for injuries arising under section 13348, O. S. 1931, et seq. (85 O. S. A. § 1) was personal to the employee and abated at his death even when he died from causes other than the accidental injury. Lahoma Oil Co. v. State Industrial Commission, 71 Okla. 160, 175 P. 836; Parkhill Truck Co. v. Emery, 166 Okla. 280, 27 P. 2d 333; Rounds v. State Industrial Commission, 157 Okla. 145, 11 P. 2d 479; Swatek Const. Co. v. Williams, 177 Okla. 305, 58 P. 2d 585. By the amendment, chapter 29, S. L. 1933, § 1, it was provided that on the death of an employee the beneficiary therein named could be substituted in his stead on a revivor; by section 2, purporting to amend section 13365, O. S. 1931 (85 O. S. A. § 41) certain changes being first made, it is then provided:

"An award for disability may be made after the death of the injured employee when the death results from causes other than the injury."

The provision relating to revivor was discussed in Washabaugh v. Bartlett-Collins Glass Co., 177 Okla. 159, 57 P. 2d 1162; Indian Territory Illuminating Oil Co. v. Pettyjohn, 179 Okla. 222, 65 P. 2d 415; Swatek Const. Co. v. Williams, supra; Black Gold Pet. Co. v. Hirshfield, 182 Okla. 634, 79 P. 2d 566. In Indian Territory Illuminating Oil Co. v. Pettyjohn, supra, the court authorized and directed the proceedings to be revived in the name of the beneficiaries designated by the statute where an award had been made. This court has never had occasion to consider a proceeding to revive in the name of the beneficiaries designated by the statute as amended by chapter 29, S. L. 1933, where an award for disability has not been made before the death of the injured employee. However, in Black Gold Pet. Co. v. Hirshfield, supra, we did notice, without deciding, the power to make an award after the death of the injured employee, and therein stated:

"Under section 1 of said chapter 29, supra, 85 Okla. St. Ann. § 48, section 13372, O. S. 1931, was amended so as to provide that awards made to a claimant should not abate upon his death, but should survive to certain named classes of beneficiaries in a specified order, and under section 2 of said chapter 29, supra, 85 Okla. St. Ann. § 41, it was further provided as follows:

"'An award for disability may be made after the death of the injured employee, when death results from causes other than the injury.'"

Plainly the award cannot be made to the injured employee, for the amendment specifically provides that it may be made after his death. The question is, then, To whom is the award for disability made "after death of an injured employee?" Respondent urges that this language can only mean that where a proceeding is completed, an award may be entered, but that there is no authority to proceed to revive and substitute the beneficiaries named in the previous section 1 and thus authorize them to maintain a proceeding to obtain an award. With this we cannot agree. Prior to the amendment it could be made to no one. Subsequent to the amendment we think it was clearly intended that the award could be made "after the death of the injured employee" to the beneficiaries named in said section 1, and for that purpose the State Industrial Commission has power to hear and determine an application for revivor and permit the beneficiaries on revivor to proceed to maintain the application for the award.

If it is intended to claim that the power to make the award must fail because the necessary machinery has not been provided by the Legislature, a sufficient answer is that the machinery is already provided by the power given to the State Industrial Commission to hear and determine the nature and extent of disability and to enter the award. Many acts granting power to courts or boards and commissions either fail or decline to set up any more machinery for the administration than was done in the case of amendment to chapter 29, S. L. 1933, where the machinery has already been provided by law. We can see no imposing difficulty in finding sufficient orderly procedure for the revivor in the names of the designated beneficiaries and the conducting of the proceedings to determine the permanent disability in the names of such beneficiaries. We are of the opinion, and hold, that a reasonable construction of the above clause grants the power to make the award after the death of the injured employee where such death results from causes other than the accidental injury, and includes the power to hear and determine the beneficiaries entitled to the proposed award and to allow them to be substituted by revivor in the stead of the injured employee, and thus be permitted to maintain the proceeding to determine the nature and extent of the disability existing prior to the death of the injured employee.

Finally, it is urged that there was a determination of the extent of the disability in the case at bar and that the testimony of medical expert witnesses disclosed that the evidence was insufficient to establish a permanent total disability, and that the order must be sustained for this reason. We are not impressed with this argument. The order of revivor was never entered. The State Industrial Commission never determined the beneficiaries under section 1, chap. 29, supra. Until this was done, clearly there was no procedure authorizing a determination of the question on its merits. We think the record clearly discloses that the order denying the application was based solely upon the assumption that the award could not be made to the class of beneficiaries designated by the amendment.

The cause is remanded to the State Industrial Commission for proceedings not inconsistent with the views herein expressed.

Order vacated, with directions.

RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur.