## CITY OF WELEETKA et al. v. CAMPBELL, Adm'r, et al.

No. 30417. April 28, 1942.

*125 P. 2d 189.*

Mont F. Powell and Preston Peden, both of Oklahoma City, for petitioners.

Claud Briggs and John Morrison, both of Oklahoma City, for respondents.

PER CURIAM. This is an original proceeding brought by the petitioner City of Weleetka and the State Insurance Fund to review an award made to respondent Delilah Campbell, the widow of Charles E. Campbell, and her minor child, following the death of the said Charles Campbell on April 7, 1941.

The permanent award for total disability resulting from an accidental injury arising out of and in the course of the employment was entered under date of November 18, 1940; the same had become final and payment in the maximum amount of weekly payments was being made when, on April 7, 1941, the claimant died as the result of a self-inflicted wound. The award was revived in the name of respondent Delilah Campbell and her minor child under the date of May 1, 1941.

Two propositions are presented by the petitioners. It is first urged that the State Industrial Commission erred in refusing the petitioners the right to cross-examine certain witnesses to prove that claimant had committed suicide. We think this proposition of self-destruction is admitted. There is not the slightest doubt that claimant committed suicide insofar as we are able to glean from the record. Petitioners seem to argue that if they could establish by cross-examination a series of circumstances showing that claimant committed suicide because of the accidental injury, then the revivor is not justified. Such position we discard without further discussion as being untenable. See Chaves v. State Industrial Commission, 188 Okla. 438, 111 P. 2d 170, in which the fact situation is based upon destruction by self-inflicted wound. There was no error under the first proposition.

The second proposition is likewise untenable. It is that claimant by his unlawful act deprived petitioners of the legal right which they had, and therefore cannot profit by the wrongful act to the detriment of the petitioners. Petitioners apparently overlook the fact that claimant did not profit. Under the rule announced in Indian Territory Ill. Oil Co. v. Pettyjohn, 179 Okla. 222, 65 P. 2d 415, National M. Cas. Co. v. Briscoe, 188 Okla. 440, 109 P. 2d 1088, and Chaves v. State Industrial Commission, supra, construing chapter 29, S. L. 1933, an award for disability survives to the beneficiary named therein where the death arises from causes other than the accidental injury. It seems to be conceded in the case at bar that except for the question of suicide the case is one in which the award survives.

Both propositions being disregarded as a justification for a vacation of the revivor of the award, the order of the State Industrial Commission is in all respects sustained.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and GIBSON and ARNOLD, JJ., absent.