2011 OK CIV APP 47

**Cecil CLABORN, deceased, Margaret Claborn, Petitioner,**

v.

**Gale DRYWALL; Compsource Oklahoma; and the Workers' Compensation Court, Respondents.**

**No. 108,809.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 25, 2011.

Jack T. Barragree, Jack Barragree, P.C., Oklahoma City, Oklahoma, for Petitioner.

Jeffrey D. Black, Steven E. Hanna, Bonham & Howard, Oklahoma City, Oklahoma, for Respondents.

ROBERT DICK BELL, Chief Judge.

¶1 Petitioner, Margaret Claborn, the surviving spouse of Cecil Claborn, deceased, seeks review of an order of the Three–Judge Panel of the Workers' Compensation Court (Panel), which affirmed the decision of the trial court. The trial court denied Petitioner's request for the statutory benefits in effect at the time of her husband's death and awarded Petitioner the statutory benefits in effect at the time of her husband's original injury. Finding no error in law, the Panel's order is sustained.

¶2 Petitioner's husband, Cecil Claborn, sustained an accidental injury arising out of and in the course of his employment on April 18, 1991. As a result of this work-related injury, Claimant was awarded permanent total disability (PTD) benefits on January 6, 1995. Claimant died on January 24, 2010, of causes unrelated to his original injury. Petitioner is Claimant's widow and his sole statutory beneficiary.

---

¶ 3 Petitioner filed a revivor action in the original workers' compensation action seeking statutory death benefits pursuant to the language of 85 O.S.Supp.2005 § 48(2)(a), which was in effect at the time of her husband's death. Respondent, Gale Drywall (Employer), requested that the benefits be limited to the law in effect at the time of Claimant's injury. The trial court ordered the revivor and awarded Petitioner statutory benefits at the rate of $50.00 per week. This amount was determined pursuant to the version of § 48(2)(a) in effect at the time of Petitioner's husband's original injury. The Panel affirmed the trial court's determination. Petitioner now seeks review in this Court.

¶ 4 The issue on review concerns the applicable version of § 48(2)(a). Is Petitioner entitled to the statutory benefits in existence at the time of her husband's original injury or the statutory benefits in existence at the time of her husband's death? Both parties concede this is a question of law. On questions of law, we exercise *de novo* review. *Ibarra v. Hitch Farms,* 2002 OK 41, ¶ 4, 48 P.3d 802, 803–04.

¶ 5 On the date of Claimant's injury, § 48(2)(a) provided:

> If there is a surviving spouse, to such surviving spouse, fifty percent (50%) of the average weekly wages the deceased was earning, but in no event more than a maximum of $50.00 per week.

Section 48(2)(a) was amended by *Laws 2005, 1st Ex. Sess., c.1, § 26,* eff. July 1, 2005. Thus, on the date of Claimant's death, § 48(2)(a) provided:

> If there is a surviving spouse, to such surviving spouse, fifty percent (50%) of the average weekly income benefit that was or would have been payable for permanent total disability to the deceased for claims arising after the effective date of this act.

Petitioner argues the later version of § 48(2)(a) should be applied to her case. As support, Petitioner cites 85 O.S.Supp.2007 § 3.6(F)(renumbered as § 3.6(G) by *Laws 2010, c. 403, § 1,* eff. Nov. 1, 2010), which provides, in part: "benefits for death shall be determined by the law in effect at the time of death." Petitioner argues § 3.6(F) makes no distinction between benefits due where the death was related to the original injury and benefits due where the death was not related to the original injury.

¶ 6 Although Petitioner poses an interesting argument, her argument must be rejected. The instant case is a revivor action, not a death claim. A death claim involves a new benefit not previously available or in existence until the death occurs. In a revivor action, there is no new benefit or claim. Instead, the petitioner in a revivor action is simply attempting to continue (*i.e.* revive) previously awarded benefits. "Thus, an injury for which compensation had been awarded and paid prior to the amendment established the rights, liabilities and privileges of the parties under the law." *Independent School Dist. No. 89 v. McReynolds,* 1974 OK 136, ¶ 14, 528 P.2d 313, 316. Stated another way, "compensation for accidental injury always is determined by law in effect at the time of injury, and a provision of the Act giving a substantive rights does not operate retroactively." *Id.* at ¶ 15, 528 P.2d at 316.

¶ 7 In order to accept Petitioner's argument and apply the 2005 amendment to the instant case, this Court would have to "give her a substantive right which she did not possess prior thereto, and would be to change the obligation of the employer and impose upon it a liability which did not theretofore exist." *Washabaugh v. Bartlett Collins Glass Co.,* 1936 OK 294, ¶ 6, 177 Okla. 159, 57 P.2d 1162, 1164 (citation omitted). "This would be to give the amendment a retrospective construction." *Id.* We decline to take such action. All rights and level of compensation were vested and established and were not subject to the 2005 amendment of § 48(2)(a).

¶ 8 After reviewing the record, we conclude the trial court's finding, which was affirmed by the Panel, is supported by case law and statutory authority. For the foregoing reasons, the Panel's Order is sustained.

¶ 9 SUSTAINED.

HETHERINGTON, P.J., and HANSEN, J., concur.