Birchard, J.
The claim of the defendant to the relief which he seeks, depends upon the character of his title. This title was, in the words of the statute, “ a plain and connected title, in law,” up to the true section line, which constituted his northern boundary. Beyond this line he had no claim, either in law or equity. This improvement, though made under a mistake, and perhaps innocently, was made in his own wrong, and is not embraced in any of the provisions of the “ act for the relief of occupying claimants of land.” The verdict of the jury established the fact, that the occupancy was upon lands to which the defendant had no right. The case; then, shows that the recovery has been had against him, not from any defect of his paper title, but from want of proper care in ascertaining the identity of his own land; he neglected to seek out the true line called for by his title-papers, and, from this neglect, trespassed upon his neighbor. It has been said, that the act for the relief of occupying claimants, was intended to give to the occupant the benefit of his improvements in all cases, when made in good faith, under the belief that he was the true owner, and that the statute should receive a liberal construction, in order to accomplish the equitable object of the Legislature. In a general sense this may be true; yet, strictly speaking, it would not, if literally taken, be sound doctrine, especially in a case where, from the language of the statute, no such intention can be inferred without introducing other words, not contained in the act. To thus amend the act, by construction, is to depart from the office of a court, and to encroach upon the province of another branch of the government. Admitting that the desire of the framers of the act was to furnish a remedy, as far as possible, in all cases where the occupant had made improvements, under the honest belief that he was the true owner of the soil, and it would not follow that they have done so; nor would the admission require of us a reason why they stopped short of it. We may suppose they had reasons satisfactory to themselves, and a close scrutiny of the whole act may enable us to form a safe conclusion as to what were some *15 of them. It is sufficient to say, that we find only certain specified cases provided for in the act, and the enumeration of these specified cases excludes the idea of an intention to embrace any other.

Motion Refused.