Dear Mr. Abbott,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Is a child who reaches his 18th birthday during the summer months andstill has one year of high school to attend and has pre-enrollmentsessions in the spring, eligible for child support within the provisionsof 12 O.S. 1277 (1974)?
12 O.S. 1277 (1974), reads as follows:
 "A petition or a cross-petition for a divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are such children, the court shall make provision for guardianship, custody, support and education of the minor children, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action.
 "Provided, if there are children who have reached their eighteenth birthday and are regularly attending but have not completed high school they shall be entitled to support by the parents for so long as the child is attending high school for the current school year in which the child reached his eighteenth birthday."
The 1974 amendment added the last paragraph to 1277. Prior to this amendment, 15 O.S. 13 (1972), lowered the age of majority to eighteen years old. The Oklahoma Court of Appeals in Lookout v. Lookout,526 P.2d 1405 (Okla.App. 1974), construed 15 O.S. 13 (1972), to result in automatic termination of child support payments when the child reaches the age of eighteen, even though the support order did not state how long support payments would continue. The Court further held that the Legislature has the authority to either reduce or extend the period of continuing jurisdiction of a trial court to make provisions for the support of children of the parties in a divorce case.
Arbitrarily disallowing child support at eighteen obviously precludes an eighteen year old still attending high school from receiving child support. A reasonable interpretation of the 1974 amendment to 1277 is that the Legislature intended to extend the court's jurisdiction over a child's right to support. This extension would be allowed when a child is still "attending" high school. In this context, the word "attending" should include a person who turns eighteen during the summer months and is pre-enrolled for his last year of high school.
There are no Oklahoma cases directly construing the word "at tending" in Section 1277. However, the Ohio Supreme Court in Acierno v. General Fireproofing Co., 144 N.E.2d 201 (Ohio 1957) held:
 "Words `regularly attending' in Unemployment Compensation Act denying benefits to employee who is discharged from employment but who is regularly attending an established educational institution are intended to connote such attendance at such educational institution as would normally be required to complete the prescribed course for graduation on the customary and usual schedule of such institution."
See also Radio-Television Training Ass'n. v. U.S., 163 F. Supp. 637,644, 143 Ct.Cl. 416 (1958).
In Independent School District No. Jl-69 of Canadian County v. Independent School District No. D-45 of Canadian County, 363 P.2d 835
(Okla. 1961), the Oklahoma Supreme Court held that the Legislature will be presumed not to have intended an absurd result, and if a statute has doubtful meaning, it should be given a construction that is reasonable and sensible, bearing in mind evils intended to be avoided or remedy to be afforded.
It is, therefore, the opinion of the Attorney General that theLegislature intended for the support obligations of the parents tocontinue for an eighteen year old still attending high school and that achild who reached his eighteenth birthday during the summer months withone year of high school left to attend and who has pre-enrolled duringthe school's pre-enrollment sessions in the spring is attending highschool within the provisions of 12 O.S. 1277 (1974).
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL