Dear Honorable Virtue,
The Attorney General has received your request for an official opinion asking, in effect:
 What is the definition of the term "minor" for purposes of 21 O.S. 1241 and 21 O.S. 1242 (1981), as amended.
The statutes in question, as amended by House Bill No. 1104 of the 1985 Legislature, read as follows:
 "Section 1241. Any person who shall furnish to any minor by gift, sale or otherwise any cigarettes or, cigarette papers, cigars, snuff, chewing tobacco, or any other form of tobacco product shall be guilty of a misdemeanor and upon conviction thereof shall be sentenced to pay a fine of not less than Twenty-five Dollars ($25.00) nor more than Two Hundred Dollars ($200.00) and be confined in the county jail not less than ten (10) days nor more than ninety (90) days for each offense.
* * *
 "Section 1242. Any minor being in possession of cigarettes, ciga rette papers, cigars, snuff, chewing tobacco, or any other form of tobacco product and being by any police officer, constable, juvenile court officer, truant officer, or teacher in any school, asked where and from whom such cigarettes or, cigarette papers, cigars, snuff, chewing tobacco, or any other form of tobacco product were obtained, who shall refuse to furnish such information, shall be guilty of a misdemeanor and upon conviction thereof before the district court, or any judge of the district court, such minor being of the age of (16) years or upwards shall be sentenced to pay a fine not exceeding Five Dollars ($5.00) or to undergo an imprisonment in the jail of the proper county not exceeding five (5) days, or both; if such minor shall be under the age of sixteen (16) years, he or she shall be certified by such magistrate or justice to the juvenile court of the county for such action as said court shall deem proper." 1985 Okla. Sess. Laws, c. 54, 1 and 2.
Title 15 O.S. 13 (1981) defines minors as follows:
 "Minors, except as otherwise provided by law, are persons under eighteen (18) years of age."
There are other Oklahoma statutes which define the term "minor," or the term "child" in terms of age, and most of them state that a minor or child is a person below the age of eighteen (18). See, Title 3A O.S.200.1(6) (1985) (Oklahoma Horse Racing Act); 10 O.S. 25 (1981) (concerning Care and Custody of Children); 10 O.S. 402(a) (1981) (Oklahoma Child Care Facilities Licensing Act); 10 O.S. 1101 (1985) (Dependent and Delinquent Children); 21 O.S. 845 (1981) (concerning the Beating or Injury of Children); and 21 O.S. 857 (1981) (Contributing to the Delinquency of Minors).
There are three statutes which define a minor or child as someone other than a person who is less than eighteen (18) years of age. These are 10O.S. 130.1(c) (1981), concerning detention homes for juveniles, and defining a child as being a female less than eighteen (18) and a male less than sixteen (16); 10 O.S. 175.3 (1981), dealing with crippled children, which defines a child as being someone under twenty-one (21) years of age whose parents or legal guardian are unable to provide necessary medical care; and 60 O.S. 401(k) (1981), which is part of the Oklahoma Uniform Gifts to Minors Act, and which defines a "minor" as a person less than twenty-one (21) years of age. However, these three statutes expressly limit the applicability of their definitions of the terms "minor" or "child" to the statutory schemes of which they are a part, and thus clearly indicate that the definitions set forth above are not of general utility.
Sections 21 O.S. 1241 and 21 O.S. 1242 of 21 O.S. 1981, as amended by House Bill 1104, do not in any way indicate that the general definition of the term "minor," as set forth in 15 O.S. 13 (1981), does not apply fully to these sections. Title 25 O.S. 2 (1981) states that "[w]henever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." See, Carter v.Phillips, 212 P. 747, 749-750 (Okla. 1923). Since no contrary intention plainly appears in Sections 21 O.S. 1241 and 21 O.S. 1242, and since no other statutes indicate a contrary legislative intent, it follows that the general definition of the term "minor" as set forth in 15 O.S. 13
(1981), applies. Indeed, such an interpretation is harmonious with 21O.S. 856 (1981) et seq., which seek to protect children under eighteen (18) years of age from various other evils, such as houses of ill repute, gambling, and intoxicating liquors.21 O.S. 857(2) and 21 O.S.857(4) (1981).
It is, therefore, the official opinion of the Attorney General that theterm "minor," as used in 21 O.S. 1241 and 21 O.S. 1242 (1981), as amendedby House Bill 1104 of the 1985 Legislature, means any person undereighteen (18) years of age.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
WILLIAM H. LUKER, ASSISTANT ATTORNEY GENERAL